**Sherry Denise NICHOLS, Appellant,**

v.

**Edwin Clark NICHOLS, Appellee.**

**No. 01–92–00997–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 27, 1993.

Henry K. Oncken, Victor Maurice, Houston, for appellant.

John B. Holmes, Calvin Hartmann, Houston, for appellee.

Before O'CONNOR, DUGGAN and HEDGES, JJ.

## OPINION

O'CONNOR, Justice.

May process be served on Sunday? Almost never.[1]  TEX.R.CIV.P. 6.

Sherry Denise Nichols appeals a default judgment removing her as sole managing conservator of her son and appointing Edwin Clark Nichols, the boy's father, as sole managing conservator. We reverse and remand.

Sherry and Edwin Nichols were divorced on July 14, 1989. The trial court appointed Ms. Nichols managing conservator of the couple's son, Cody, and appointed Mr. Nichols possessory conservator. After the divorce, Ms. Nichols moved to Round Rock, Texas. Mr. Nichols, a resident of Pearland, exercised his visitation rights until Ms. Nichols accused him of sexually abusing the boy. Later, without notice to Mr. Nichols, Ms. Nichols and Cody disappeared.

In December 1990, Mr. Nichols filed a motion to modify in a suit affecting the parent-child relationship. In this motion, he requested that the court appoint him as Cody's sole managing conservator. Mr. Nichols hired a private detective, and traced Ms. Nichols and Cody to California.

In September 1991, Mr. Nichols filed a motion for substitute service, in which he requested that service be made on Brenda or Doug Fox, Ms. Nichols' sister and brother-in-law in Carlsbad, California. He sup-ported the motion with his own affidavit, and the affidavit of David Hurd, a private process server. Both affidavits provided that Hurd tried to serve Ms. Nichols at her place of employment in Austin, Texas, but found that she no longer worked there. Mr. Nichols' affidavit stated that he learned from the institution that financed Ms. Nichols' car that her last known address was the Fox residence in California. He also filed a motion requesting private service. The court, by written order, granted both motions.

The citation was returned to the trial court on November 11, 1991. It indicates that it was served on Brenda Fox, 1155 Larkspur, Carlsbad, California, on October 27, 1991, a Sunday. The hearing on Mr. Nichols' motion to modify was held on March 20, 1992. Ms. Nichols did not appear. The trial court entered an order granting Mr. Nichols' motion to modify on that date.

On June 8, 1992, Ms. Nichols was arrested and jailed on a charge of interfering with child custody. Ms. Nichols asserts that she did not learn about the default judgment until she was arrested. On June 23, 1992, Ms. Nichols filed her original petition for bill of review and motion to set aside default judgment. The trial court denied her petition and motion on September 30, 1992.

In her first point of error, Ms. Nichols asserts that because citation was served on October 27, 1991, a Sunday, the service was void. Ms. Nichols relies on TEX.R.CIV.P. 6 [2] and upon *Bostwick v. Allen*, 189 S.W.2d 448, 448 (Tex.Civ.App.—San Antonio 1945, no writ) (default judgment reversed because service of citation on Sunday violated rule 6).

Mr. Nichols argues against the application of rule 6. He contends: there is no rational basis to claim that this statute makes the judgment void; the purpose of a citation is to notify; and it should make no

---

1. Process may be served on Sunday if the petition is for an injunction, attachment, garnishment, sequestration, or is a distress proceeding. TEX.R.CIV.P. 6. Service of citation by publication on Sunday is also valid. *Id.*

2. Rule 6 provides: "No civil suit shall be commenced nor process issued or served on Sunday, except in cases of injunction, attachment, garnishment, sequestration, or distress proceedings; provided that citation published on Sunday shall be valid."

legal difference whether the papers are served on a Sunday or other day of the week except for Rule 6. We disagree.

■ In *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex.1990), the Supreme Court reiterated the long-standing rule that a default judgment cannot withstand direct attack by a defendant who complains that he was not served in strict compliance with applicable requirements. In *Wilson*, the defendant was not served in strict compliance with TEX.R.CIV.P. 106(b), because the plaintiff's motion for substitute service was not supported by an affidavit, as required by the rule. Citation was served by delivery to the apartment manager at the defendant's address. The defendant admitted receiving the papers. *Id.* at 834. The plaintiff argued that because the defendant actually received the suit papers and knew of the pendency of the suit, the default judgment rendered against him should stand. The Supreme Court disagreed, stating, "Actual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him. Rather, jurisdiction is dependent upon citation issued and served in a manner provided for by law." *Id.* at 836. A default judgment is improper against a defendant who has not been served in strict compliance with the law. *Id.* at 837.

■ The plain language of rule 6 prohibits service of process on Sunday. Ms. Nichols was not served in strict compliance with the law. Service was invalid and the trial court's order was improper. *See Bostwick*, 189 S.W.2d at 448. Ms. Nichols' first point of error is sustained. Because of our disposition of this point of error, we need not address Ms. Nichols' remaining points of error.

We reverse the order of the trial court and remand the case to that court for further proceedings.