**Maria MEDELES, Appellant,**

v.

**Felix NUNEZ and Mirtha Nunez, Appellee.**

**No. 01-95-00005-CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 22, 1996.

Rehearing Overruled June 5, 1996.

Ellis Barrera, Jr., Houston, for appellant.

Cesar Villarreal, Houston, for appellee.

Before ANDELL, TAFT and PRICE,[1] JJ.

## OPINION

ANDELL, Justice.

In this appeal, we are asked to decide if a $1,000,000 default judgment rendered against appellant, Maria Medeles, should stand. The trial court denied bill-of-review relief to Medeles. In three points of error, Medeles argues the trial court erred in denying the bill of review and motion for new trial because: (1) there is insufficient or no evidence to show Medeles was negligent in not answering the lawsuit; (2) there is insufficient or no evidence to show compliance with the rules governing service of citation and notice of default judgment; and (3) there is insufficient or no evidence to support the nonsuit of other defendants or to prove damages. We reverse.

### Background

Appellees, Felix and Mirtha Nunez, lived with their two sons, Juan-Carlos Nunez-Ortuno and Omar Nunez-Ortuno, in an apartment they rented from Raul and Marie Moreno. On January 22, 1988, the Morenos executed documents selling the property to Medeles. On January 27, 1988, the deed to

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

the property was recorded. One day before, on January 26, 1988, the Nunezes' apartment caught fire. Mirtha Nunez was terribly injured, and both her sons died in the fire.

Insurance proceeds for the destroyed property were paid to the Morenos, not Medeles, because they held a vendor's lien on the property. In June 1988, Medeles received a letter from the attorney representing the Nunezes. The letter was addressed to Maria "Mirelles" and mailed to a nightclub owned by her mother, located at 7710 East Freeway. Across the top of this letter, Medeles wrote her correct name and address (6427 Jefferson), stating she was not the person named in the letter. She asked that the letter be directed to the "right" person, whom she indicated was "Raul Moreno." She amended the salutation of the letter and provided Moreno's address at the bottom of the page.

About 16 months later, the Nunezes filed suit against Medeles and the Morenos for wrongful death and for negligence in permitting a defective stove to remain in their apartment and in neglecting to install a smoke alarm. The address listed for service of process on Medeles was 6427 Jefferson, but by that time she had moved from this address. The constable made 13 fruitless attempts to serve Medeles at 6427 Jefferson. The constable finally served Medeles at a bar owned by her mother, located on 6614 Canal Street, where Medeles occasionally came to fix the jukebox or take care of the pool tables. There is nothing in the record to show how the 6614 Canal Street address was obtained, but the citation shows two additional attempts to serve Medeles on Canal Street before service was accomplished on February 16, 1990. The return of service signed by the constable shows Medeles was personally served. Medeles disputes this. She testified in an affidavit and at the bill-of-review hearing she did not receive the papers and does not recall being served. The record also contains testimony from the hearing and a sworn affidavit signed by Noemi Flores, a waitress at the bar on Canal Street, who testified she was given documents by a constable and handed them over to the bartender. The bartender was identified at the hearing as Manuel Lito, but he was not called to testify. The constable who served the papers was also not called to testify.

The Morenos filed a motion for summary judgment, arguing they were not liable as a matter of law under Tex.Prop. Code Ann. § 92.259 (Vernon Supp.1996) because the Nunezes did not request installation of a smoke alarm. Although the docket sheet contains an entry showing the motion was denied, the court's written ruling is not part of the transcript submitted on appeal. The Nunezes filed a motion to non-suit the Morenos and an interlocutory judgment dismissing them from the suit was rendered on December 9, 1991. Medeles never responded to the suit and a final default judgment in cause number 89–41826 was rendered against her on January 6, 1992. In the summer of 1994, while attempting to obtain a building permit, Medeles discovered the outstanding $1,000,000 judgment against her. Medeles petitioned the court for a bill of review and a hearing was held September 2, 1994.[2] The court took judicial notice of the return of service. Based on that return, and upon evidence proving Medeles owned the property when it burned down, the court denied Medeles's petition. On September 20, 1994, the court rendered judgment denying bill-of-review relief. Medeles's motion for new trial was denied November 2, 1994. The disposition of her motion to reurge the motion for new trial is not included in the transcript.

2. The original petition seeking bill-of-review relief was filed using the same cause number as that in the underlying action, cause number 89–041826. Final judgment had been rendered in cause number 89–041826, and the trial court no longer had jurisdiction over the cause. Tex. R.Civ.P. 329b(f). A bill of review is a separate suit, filed under a different cause number in the same court, with service on all parties affected by the original judgment. *American Gen. Fire & Cas. Co. v. Schattman,* 761 S.W.2d 582, 585 (Tex.App.—Fort Worth 1988, no writ). Although the petition incorrectly uses the same cause number, Medeles asked for the Nunezes to be served with citation, and all of the affected parties appeared at the hearing. In addition, the Nunezes do not complain of the incorrect procedure. Accordingly, we consider the error waived, and we will refer to the bill-of-review proceeding as cause number 89–041826A.

### Service of Process

In point of error two, Medeles argues the trial court erred in denying her petition for a bill of review and motion for new trial because there is insufficient or no evidence to show compliance "regarding manner of service of citation and notice of default judgment." In the arguments supporting this point of error, Medeles contends service of citation must be made in strict compliance with the rules of civil procedure. At oral argument, opposing counsel conceded this. A point of error is sufficient if it directs the attention of the court to the error about which a complaint is made. Tex.R.App.P. 74(d). In keeping with the rule, Texas courts may construe points of error liberally. *Williams v. Khalaf,* 802 S.W.2d 651, 658 (Tex.1990). Therefore, we will consider all aspects of the issuance, service, and return of the citation.

#### 1. Bill of Review

A bill of review is an independent action brought by a party seeking to set aside a judgment in a former action no longer appealable or subject to a motion for new trial. *State v. 1985 Chevrolet Pickup Truck,* 778 S.W.2d 463, 464 (Tex.1989); *Hesser v. Hesser,* 842 S.W.2d 759, 765 (Tex.App.—Houston [1st Dist.] 1992, writ denied); *see* Tex.R.Civ.P. 329b(f). It is an equitable proceeding designed to prevent manifest injustice. *Hesser,* 842 S.W.2d at 765. Like a writ of error, a bill of review is a direct attack on a judgment. *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706, 709 (1961); *Magan v. Hughes Television Network,* 727 S.W.2d 104, 105 (Tex.App.—San Antonio 1987, no writ). In any direct attack on a judgment, there is no presumption in favor of valid issuance, service, or return of citation. *Primate Constr. v. Silver,* 884 S.W.2d 151, 152 (Tex. 1994); *Magan,* 727 S.W.2d at 104. To uphold a default judgment on direct attack, the record must reflect strict compliance with the rules of civil procedure governing service of citation. *Primate,* 884 S.W.2d at 152; *McKanna v. Edgar,* 388 S.W.2d 927, 929–30 (Tex.1965); *National Sur. Corp. v. Anderson,* 809 S.W.2d 313, 315 (Tex.App.—Houston [1st Dist.] 1991, no writ). If strict compliance is not affirmatively shown, the service of process is invalid and has no effect. *Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 885 (Tex.1985). When a judgment is directly attacked and strict compliance is required, actual receipt of service is immaterial. *Wilson v. Dunn,* 800 S.W.2d 833, 837 (Tex.1990). Moreover, when a party complains a judgment is void for lack of proper service, he need not show a meritorious defense. *Peralta v. Heights Medical Ctr.,* 485 U.S. 80, 86, 108 S.Ct. 896, 900, 99 L.Ed.2d 75 (1988).

#### 2. Service of Citation

To be valid, a citation must comply with the following requirements:

> Form. The citation shall (1) be styled "The State of Texas," (2) be signed by the clerk under seal of court, (3) contain name and location of the court, (4) show date of filing of the petition, (5) show date of issuance of citation, (6) **show file number,** (7) **show names of parties,** (8) **be directed to the defendant,** (9) show the name and address of attorney for plaintiff, otherwise the address of plaintiff, (10) contain the time within which these rules require the defendant to file a written answer with the clerk who issued citation, (11) contain address of the clerk, and (12) shall notify the defendant that in case of failure of defendant to file an answer, judgment by default may be rendered for the relief demanded in the petition.

Tex.R.Civ.P. 99(b)(1)–(12) (emphasis added). The citation is defective in several respects. First, it names "Felix **Numez**" (not Felix **Nunez**) as the plaintiff. Second, it names "Maria **Mendeles**" (not Maria **Medeles**) as the defendant. Third, the cause number (89–41826) does not appear on the citation; instead, the citation shows only the number marked "Tr. # 70781464." Finally, citation is directed to "the sheriff or any constable of Texas or other authorized person" as well as to "Maria Medeles."

"Strict compliance" is interpreted to mean literal compliance with the rules governing issuance, service, and return of citation. Specific adherence to the particulars of each rule is required. *See Nichols v. Nichols,* 857 S.W.2d 657, 658 (Tex.App.—Houston

[1st Dist.] 1993, no writ) (citation delivered on Sunday violated rule 106, thus service defective); *Martinez v. Wilber,* 810 S.W.2d 461, 463 (Tex.App.—San Antonio 1991, writ denied) (incorrect cause number on citation held a fatal defect). An incorrect name is also sufficient to show a citation is not in strict compliance. In *Uvalde Country Club,* the court held delivery of a citation to "Henry Bunting" was not in strict compliance when the petition identified the registered agent of the country club as "Henry Bunting, Jr." 690 S.W.2d at 884. The court noted it was following its previous holdings voiding default judgments in *Hendon v. Pugh,* 46 Tex. 211, 212 (1876) (defendant named "J.W. Hendon" but citation served on "J.N. Hendon"), and *Faver v. Robinson,* 46 Tex. 204 (1876) (defendant named "John R. Faver" but citation addressed to and served on "John R. Favers"). *Id.* at 884–85. In *Faggett v. Hargrove,* this Court sustained the defendant's point of error attacking validity of service because (1) the defendant's name was incorrect in the portion showing the names of the parties and (2) the citation was confusing because it appeared to be directed to the sheriff as well as to the defendant. 921 S.W.2d 274 (Tex.App.—Houston [1st Dist.] 1995, no writ).

We consider the mistakes in the citation fatal. We hold the citation was defective on its face and was not directed to Medeles in strict compliance with the rules of civil procedure. As such, we hold the citation was void and service ineffective. We sustain point of error two.

A default judgment is improper against a defendant who has not been served in strict compliance with the law. *Nichols,* 857 S.W.2d at 659. Accordingly, we hold the default judgment is void. Having sustained point of error two, we do not find it necessary to reach appellant's other points of error. We reverse the judgment denying bill-of-review relief and remand this cause to the trial court to address the merits of the underlying cause of action.