**Aron AMATO, Appellant,**

v.

**Arthur HERNANDEZ, Appellee.**

**Nos. 01-97-00903-CV, 01-97-01121-CV and 01-97-01328-CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 3, 1998.

Rehearing Overruled Dec. 3, 1998.

---

Samuel S. Griffin, Kathleen A. Slaydon, Houston, for Appellant.

Leonard Sparks, III, James T. Liston, Houston, for Appellee.

Before Justices MIRABAL, O'CONNOR, and NUCHIA.

## OPINION ON MOTION FOR REHEARING EN BANC

MICHOL O'CONNOR, Justice.

The Court has considered the motion for rehearing en banc filed by the appellee, Arthur Hernandez, and finds it without merit. The motion for rehearing is denied. The Court withdraws its earlier opinion and issues this opinion in its stead.

In three separate appeals, Aron Amato challenges a judgment nunc pro tunc rendered in favor of Hernandez and the trial court's refusal to dissolve two post-judgment writs of garnishment. Hernandez filed motions to dismiss in each of the appeals. The appeal from the entry of the judgment nunc pro tunc is dispositive of all three appeals; therefore, we address the merits of that appeal only and, for the reasons stated below, we overrule the motions to dismiss. We reverse and render.

### Factual Background

In 1986, Hernandez sued Howard Bernier and Sun Belt Partnerships Ltd. d/b/a Pine Shadows Apartments (the Apartments) for injuries Hernandez sustained when Bernier assaulted him. Both Hernandez and Bernier were residents of the Apartments, where the beating occurred. In February 1987, Hernandez amended his petition to add the following defendant: "J C 8 Aron Amato d/b/a Pine Shadows Apartments." Hernandez requested service of process on and citation issued to: "J C 8 Aron Amato d/b/a Pine Shadows Apartments" at 13403 Kingsride, Houston, Texas. The citation was personally served on Aron Amato.

In 1988, Hernandez moved for default judgment against "Sun Belt Partnerships Ltd. and J C 8 Aron Amato d/b/a Pine Shadows Apartments." On May 26, 1988, an interlocutory default judgment on liability only was rendered against, among others, "J C 8 Aron Amato d/b/a Pine Shadows Apartments."

In 1991, default judgment was rendered for $2 million against Bernier and for $6 million against Sun Belt Partnerships Ltd. and "J C 8 Aron Amato d/b/a Pine Shadows Apartments."

In 1997, Hernandez filed a motion for judgment nunc pro tunc. Hernandez asserted he sued "J.C. Amato and Aron Amato d/b/a Pine Shadows Apartments," but the 1991 default judgment contained "clerical errors." Hernandez explained the discrepancy as a "shortening" of the two names to what he intended as "J.C. & Aron Amato," and which he claimed were two defendants. Hernandez did not explain why he requested only one citation or why only one citation issued. Both J.C. and Aron Amato objected to Hernandez's motion. On June 10, 1997, a judgment nunc pro tunc was rendered against "Aron Amato d/b/a Pine Shadows Apartments." [1]

## Judgment Nunc Pro Tunc

In point of error one, Amato asserts the judgment nunc pro tunc is void because (1) he was not named as a defendant in Hernandez's lawsuit, (2) the citation that issued was not addressed to him, (3) he was not served with citation addressed to him as a party defendant, and (4) he did not appear in the lawsuit until after he received Hernandez's motion for judgment nunc pro tunc in 1997.

■ Hernandez makes two arguments in response. First, he contends the name "J C 8 Aron Amato" was merely a misnomer and there was no confusion over the identity of the intended defendant. Hernandez claims that, because the error was a simple typographical error, which is classified as a clerical error (not judicial error), it could be corrected by nunc pro tunc judgment; and,

such error did not defeat jurisdiction because Aron Amato was the intended defendant and he could not have been misled by the error. Second, Hernandez asserts Amato was formally served with citation and a copy of the petition, and was thus properly brought before the trial court. Hernandez contends Amato was named as a defendant "with 'JC 8' in front of his name and a 'd/b/a Pine Shadows Apartments' after [his name]."

■ In a direct attack on a judgment, we do not presume the validity of issuance, service, and return of citation. *See Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994) (writ of error); *Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 885 (Tex.1985) (writ of error); *Medeles v. Nunez,* 923 S.W.2d 659, 662 (Tex. App.—Houston [1st Dist.] 1996, writ denied) (bill of review). If the record does not show strict compliance with the rules regarding service of citation, then service was invalid and the default judgment is void. *Uvalde,* 690 S.W.2d at 885; *Medeles,* 923 S.W.2d at 662. "Strict compliance" means literal compliance with the rules governing issuance, service, and return of citation. *Medeles,* 923 S.W.2d at 662.

Here, Hernandez's pleadings and process indicate six possibilities about the identification of the intended defendant: (1) J.C. Amato, (2) Aron Amato, (3) Aron Amato d/b/a Pine Shadows Apartments, (4) J.C. and Aron Amato d/b/a Pine Shadows Apartments, (5) J.C. Amato d/b/a Pine Shadows Apartments, and (6) J C 8 Aron Amato d/b/a Pine Shadows Apartments. The identity of the intended defendant in the pleadings and the citation was misleading. *See Avila v. Avila,* 843 S.W.2d 280, 281–82 (Tex.App.—El Paso 1992, no writ) (discussing several cases in which courts reversed default judgments on slight misnomers).

■ The citation was defective because it indicated the defendant was a single entity: "J C 8 Aron Amato d/b/a Pine Shadows Apartments." An incorrect name is sufficient to show a citation is not in strict compliance with the rules. *Uvalde,* 690 S.W.2d at

---

**1.** The trial judge signed the judgment prepared by Hernandez, but the judge first deleted any references to "J.C. &" and wrote in the margin, "J.C. Amato was not served."

885 (citation invalid because it named "Henry Bunting," not Henry Bunting, Jr., as defendant); *Medeles,* 923 S.W.2d at 663 (citation invalid because it named "Maria Mendeles," not Maria Medeles, as defendant); *see also Faggett v. Hargrove,* 921 S.W.2d 274, 276 (Tex.App.—Houston [1st Dist.] 1995, no writ) (citation defective because it showed "INRE," not Drexell Faggett, as defendant).

Hernandez contends Amato was, in fact, served with papers, and did not just "receive" the citation. Hernandez relies on Amato's affidavit in which Amato stated, "I was served with a citation and Plaintiff's Second Amended Original Petition which sued 'JC 8 Aron Amato' as a defendant. . . . " Hernandez also relies on the wording of the officer's return, which read:

> Came to hand at 9:18 o'clock a.m. on the 3 day of March 1987. *Executed at (address) 13403 Kingsride in Harris County . . . by delivering to Aron Amato defendant in person,* a true and correct copy of this Citation together with accompanying Plaintiff's Second Amended Original Petition. . . .

(Emphasis added.)

■ Actual notice to a defendant of a pending lawsuit, without proper service, is not sufficient to confer jurisdiction on the court to render a default judgment. *Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex.1990); *McGraw–Hill, Inc. v. Futrell,* 823 S.W.2d 414, 417–18 (Tex.App.—Houston [1st Dist.] 1992, writ denied). Jurisdiction is dependent on citation being issued and served as required by law. *Wilson,* 800 S.W.2d at 836.

Because Amato was not served in strict compliance with the rules, the trial court did not have personal jurisdiction over Amato and the judgment nunc pro tunc is void. *Medeles,* 923 S.W.2d at 663.

### Jurisdiction of this Court

■ Hernandez contends this Court does not have jurisdiction to hear an appeal of a six-year-old judgment because the time for filing a direct appeal, restricted appeal, or a bill of review lapsed. We disagree. Amato is not attacking the 1991 default judgment.

His position regarding the 1991 judgment is that it does not name him as a defendant. Amato is challenging the rendition of the judgment nunc pro tunc that named him as a defendant for the first time in 1997. The 1997 judgment nunc pro tunc extended the appellate deadlines for complaints about matters not in the 1991 default judgment. *See Escobar v. Escobar,* 711 S.W.2d 230, 231–32 (Tex.1986); *Pruet v. Coastal States Trading, Inc.,* 715 S.W.2d 702, 704 (Tex.App.—Houston [1st Dist.] 1986, no writ). Because Amato complains about the addition of his name as a defendant in 1997, his appeal was timely.

We sustain point of error of error one in cause number 01–97–01121–CV, and we do not consider points of error two and three in that appeal.

### Writs of Garnishment

■ In two related appeals, Amato asserts two writs of garnishment[2] should be set aside because the underlying judgment nunc pro tunc is void. Because the trial court did not have personal jurisdiction over Amato and the judgment nunc pro tunc is void, it was error to issue the writs of garnishment against Aron Amato based on the judgment against "J.C. 8 Aron Amato, d/b/a/ Pine Shadows Apartments." *Matthiessen v. Schaefer,* 915 S.W.2d 479, 480 (Tex.1995) (holding that if underlying judgment is reversed on appeal, then turnover order must be reversed); *Enis v. Smith,* 883 S.W.2d 662, 663 (Tex.1994) (holding that void judgment cannot support a turnover order); *King & King v. Porter,* 113 Tex. 198, 252 S.W. 1022, 1022 (Tex.1923) (trial court's jurisdiction to issue writ of garnishment is taken from its jurisdiction over underlying lawsuit); *Kelly v. Gibbs,* 84 Tex. 143, 19 S.W. 563, 563 (Tex. 1892) (void judgment will not support garnishment judgment); *Tom Benson Chevrolet Co. v. Beall,* 567 S.W.2d 857, 859 (Tex.App.— San Antonio 1978, writ ref'd n.r.e.) (same).

We sustain Amato's first points of error in cause numbers 01–97–00903–CV and 01–97–01328–CV, and we do not reach his remaining points of error in those appeals.

**2.** The garnishees are: Olde Discount Brokers and NationsBank of Texas, N.A.

## CONCLUSION

Because we sustain Amato's first point of error in each cause number, we reverse the June 10, 1997 judgment nunc pro tunc against Amato, we reverse the July 25, 1997 orders denying Amato's motions to dissolve the writs of garnishment, and we reverse the August 11, 1997 agreed final judgment in garnishment and discharge of garnishee. We remand the cause to the trial court with the following instructions:

1. Vacate the June 10, 1997 judgment nunc pro tunc against Aron Amato in trial cause number 86–40959.

2. Set aside the writ of garnishment in trial cause number 86–40959A (Olde Discount Stockbrokers, garnishee).

3. Set aside the writ of garnishment in trial cause number 86–40959B (NationsBank of Texas, N.A., garnishee).

A majority of the Justices of the Court voted to overrule the motion for rehearing en banc.