NUMBER 13-97-855-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI


___________________________________________________________________


STANLEY SPIGEL, INDIVIDUALLY AND AS OWNER OF EL CENTRO MALL, 

ELIA (ELLIE) G. LOPEZ, INDIVIDUALLY AND AS MANAGER OF EL CENTRO MALL , Appellants,



v.




MAGDALENA RODRIGUEZ , Appellee.

___________________________________________________________________



On appeal from the 275th District Court

of Hidalgo County, Texas.


___________________________________________________________________



O P I N I O N

Before Justices Dorsey, Chavez, and Rodriguez

Opinion by Justice Dorsey



 In this restricted appeal appellants, Stanley Spigel and Elia Lopez, present five issues in challenge of a no-answer default
judgment rendered in favor of appellee, Magdalena Rodriguez. Specifically they complain of defective service, the
sufficiency of the pleadings to support a judgment against Lopez, and the sufficiency of the evidence to support the damage
award. Because the face of the record does not show strict compliance with the rules of civil procedure regarding issuance
of citation, service, and the return of service we reverse and remand.

 On December 19, 1996, Magdalena Rodriguez filed her original petition, alleging as follows: About December 21, 1994,
Rodriguez was inside her car which was parked in the parking lot of El Centro Mall in Pharr, Texas. She put her key
between her teeth and gathered some items together before entering the mall. All at once a man came to her door and put a
gun against her lower back. He violently pulled the keys from her mouth and threw her to the ground. He ordered her to
stay on the ground and not to yell, or he would shoot her. He grabbed her purse and drove away in her car. The attack
caused pain to her back, shoulder, and neck. She also suffered damage to her teeth. Her back injury caused serious and
permanent bulging disc injuries, much pain and suffering, and emotional distress.

 Rodriguez sued Stanley Spigel, individually, and as the owner of El Centro Mall, Elia (Ellie) G. Lopez, individually, and
as the mall's manager, and the Wackenhut Corporation, alleging that they, acting by or through their agents, servants,
and/or employees: (1) failed or neglected to correct a dangerous condition existing in a common area of the mall's premises
which she used; and (2) knew of this dangerous condition but neglected to warn her or provide her safeguards and/or
security to protect her against these types of dangerous conditions. She further alleged that at the time of this incident
defendants, acting by and through their agents, servants, and/or employees, were guilty of various negligent acts through
either omission or commission which was a proximate cause of her injuries and damages. These negligent acts included: 
(1) failure to warn her of the dangerous condition that existed in the parking lot's common areas where the incident
occurred; (2) failure to correct the dangerous condition existing in the vicinity of the parking lot area; and (3) failure to
provide her with proper safeguard, security, and protection from these dangerous conditions existing in the parking lot area. 
She sought recovery for lost wages, medical expenses, physical pain and suffering, mental anguish, disfigurement, and
exemplary damages.

 After Spigel and Lopez failed to appear or answer, on May 23, 1997, the trial court signed a default judgment against them
in the amount of $750,000. This sum represented damages for physical pain, mental anguish, past and future medical
expenses, and diminished earning capacity.

 On July 8, 1997, the trial court signed an order severing Rodriguez's suit against Spigel and Lopez from her suit against
Wackenhut Corporation. This appeal involves only Spigel and Lopez.

 On November 17, 1997, Spigel and Lopez filed a notice of restricted appeal, alleging that they: (1) did not participate
in--either in person or through counsel--the hearing which resulted in the default judgment; and (2) did not timely file either
a postjudgment motion, request for findings of fact and conclusions of law, or a notice of appeal.

Restricted Appeal


 There are four prerequisites to bringing a restricted appeal. The appeal must: (1) be brought within six months after the
trial court has signed the judgment; (2) by a party to the suit; (3) who did not participate in the actual trial; and (4) the
complained-of error must be apparent from the face of the record. See Tex. R. App. P. 30; Norman Communications v.
Texas Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); DSC Finance Corp. v. Moffitt, 815 S.W.2d 551, 551
(Tex. 1991); General Elec. Co. v. Falcon Ridge Apartments, 811 S.W.2d 942, 943 (Tex. 1991). Review by restricted
appeal affords an appellant the same scope of review as an ordinary appeal, that is, a review of the entire case. See Gunn v.
Cavanaugh, 391 S.W.2d 723, 724 (Tex. 1965). The only restriction on the scope of review is that the error must appear on
the face of the record. See General Elec. Co., 811 S.W.2d at 943. The face of the record, for purposes of a restricted
appeal, consists of all the papers on file in the appeal, including the statement of facts. Norman Communications, 955
S.W.2d at 270; DSC Finance Corp., 815 S.W.2d at 551. In this case appellants have met the first three criteria; thus, the
remaining question is whether error is apparent on the face of the record.

 A default judgment cannot withstand a direct attack by a defendant who shows that it was not served in strict compliance
with the Texas Rules of Civil Procedure. Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990); Medeles v. Nunez, 923 S.W.2d
659, 662 (Tex. App.--Houston [1st Dist.] 1996, writ denied). The record must reflect strict compliance with the rules of
civil procedure respecting the issuance of citation, the manner and mode of service, and the return of process. See Primate
Constr., Inc. v. Silver, 884 S.W.2d 151, 152 (Tex. 1994); Harmon Truck Lines, Inc. v. Steele, 836 S.W.2d 262, 263 (Tex.
App.--Texarkana 1992, writ dism'd). If strict compliance is not affirmatively shown the service of process is invalid and
has no effect. Uvalde Country Club v. Martin Linen Supply, 690 S.W.2d 884, 885 (Tex. 1985); Harmon Truck Lines, 836
S.W.2d at 263. The Medeles court interpreted strict compliance to mean "literal compliance" with the rules governing
issuance, service, and return of citation. Medeles, 923 S.W.2d at 662.

 When a default judgment is attacked by way of restricted appeal we make no presumptions in favor of valid issuance,
service, and return of citation. See Uvalde Country Club, 690 S.W.2d at 885; G.F.S. Ventures, Inc. v. Harris, 934 S.W.2d
813, 816 (Tex. App.--Houston [1st Dist.] 1996, no writ); McGraw-Hill, Inc. v. Futrell, 823 S.W.2d 414, 416 (Tex.
App.--Houston [1st Dist.] 1992, writ denied). Jurisdiction over the defendant must affirmatively appear by a showing of
due service of citation, independent of the recitals in the default judgment. Faggett v. Hargrove, 921 S.W.2d 274, 276
(Tex. App.-- Houston [1st Dist.] 1995, no writ); Massachusetts Newton Buying Corp. v. Huber, 788 S.W.2d 100, 102 (Tex.
App.--Houston [14th Dist.] 1990, no writ).

Service and Return of Citation


 Appellants' first issue is whether service upon Spigel was defective, thereby depriving the trial court of personal
jurisdiction to render a judgment against him. Appellants argue that Rodriguez's attempt to serve Spigel by certified mail
was defective because, according to the green card, service was neither sent to Spigel nor received by him. 

The Return of Service


 Rules 106 and 107 of the Texas Rules of Civil Procedure aid in our analysis of this issue. Rule 106 provides:

 (a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by
Rule 103 by



 (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy
of the petition attached thereto, or



 (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy
of the petition attached thereto.



 (b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of
abode or other place where the defendant can probably be found and stating specifically the facts showing that service has
been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court
may authorize service



 (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the
location specified in such affidavit, or



 (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the
defendant notice of the suit.



Tex. R. Civ. P. 106. Rule 107 provides, in relevant part:

 The return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall
state when the citation was served and the manner of service and be signed by the officer officially or by the authorized
person. The return of citation by an authorized person shall be verified. When the citation was served by registered or
certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt
with the addressee's signature. . . .



Tex. R. Civ. P. 107 (emphasis added). When citation is served using registered or certified mail the return must: (1) be
endorsed upon or attached to the citation; (2) state when citation was served; (3) be signed by the officer officially or the
authorized person who served the citation; (4) be verified if served by an authorized person; and (5) have the return receipt
with the addressee's signature attached. Laidlaw Waste Sys., Inc. v. Wallace, 944 S.W.2d 72, 74 (Tex. App.--Waco 1997,
writ denied). The officer's failure to complete and sign the return is fatal, even when a postal receipt is included in the
record. Laidlaw Waste Sys., 944 S.W.2d at 74; Retail Technologies v. Palm City T.V., 791 S.W.2d 345, 346-47 (Tex.
App.--Corpus Christi 1990, no writ); Metcalf v. Taylor, 708 S.W.2d 57, 58-59 (Tex. App.--Fort Worth 1986, no writ).

 Rodriguez's original petition stated that "Defendant SPIGEL is the owner of EL CENTRO MALL and may be served with
process by serving per certified mail: STANLEY SPIGEL, c/o KLEIN & BARENBLAT, 504 MILAM BUILDING, SAN
ANTONIO, TEXAS 78205." The clerk's office issued citation to: "SPIGEL BY SERVING STANLEY SPIGEL, c/o
KLEIN & BARENBLAT 504 MILAM BUILDING SAN ANTONIO, TEXAS 78205." The trial court did not grant a
motion for substituted service pursuant to rule 106(b); therefore, Rodriguez could only achieve service upon Spigel by
serving him, either by personal delivery or registered mail, return receipt requested. Tex. R. Civ. P. 106(a)(1) & (2). A
copy of the green card, however, showed that someone named "Cindy M. Bavouzette" accepted service. Spigel's signature
does not appear on the green card, and the green card does not show Bavouzette's identity or capacity. Service on
Bavouzette does not establish that she was in fact Spigel's agent for service of process, nor does it establish that Spigel was
served. The green card fails absolutely to show service on Spigel. According to the face of the record Spigel was not
served, either in person or by certified mail. Because Spigel's signature did not appear on the green card, service was not in
strict compliance with the rules. The purported service upon Spigel was defective and cannot support the default judgment
against him. See Fowler v. Quinlan Indep. Sch. Dist., 963 S.W.2d 941, 944 (Tex. App.--Texarkana 1998, no writ);
Harmon Truck Lines, 836 S.W.2d at 264;Pharmakinetics Laboratories, Inc. v. Katz, 717 S.W.2d 704, 706 (Tex. App.--San
Antonio 1986, no writ). 

 By this same issue appellants argue that service was defective regarding Spigel because the officer's return was neither
completed nor signed. The citation included no information in the certificate of return. Specifically it did not include the
statement by the clerk certifying that citation was mailed along with a copy of the original petition by certified mail. 
Without these declarations the district clerk's service of citation on Spigel failed to strictly comply with the rules of civil
procedure. A default judgment is improper against a defendant who has not been served in strict compliance with the law. 
Medeles, 923 S.W.2d at 663. We sustain appellants' first issue.

 By their second issue appellants assert that service was defective regarding Elia Lopez because the citation did not provide
the address of the clerk's office. A valid citation must comply with the twelve requirements set out in Texas Rule of Civil
Procedure 99(b). Faggett, 921 S.W.2d at 276. Sections (b) and (c) state:

 b. Form. The citation shall (1) be styled "The State of Texas," (2) be signed by the clerk under seal of court, (3) contain
name and location of the court, (4) show date of filing of the petition, (5) show date of issuance of citation, (6) show file
number, (7) show names of parties, (8) be directed to the defendant, (9) show the name and address of attorney for plaintiff,
otherwise the address of plaintiff, (10) contain the time within which these rules require the defendant to file a written
answer with the clerk who issued citation, (11) contain address of the clerk, and (12) shall notify the defendant that in case
of failure of defendant to file an answer, judgment by default may be rendered for the relief demanded in the petition. . . .

 c. Notice. The citation shall include the following notice to the defendant: "You have been sued. You may employ an
attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment
may be taken against you."



Tex. R. Civ. P. 99(b) & (c) (emphasis added). In this case the citation, in compliance with rule 99(b)(3), informed Lopez
that the 275th District Court was located at 100 North Closner, Edinburg, Texas 78539. However the citation did not
inform her of the address to the clerk's office as required by rule 99(b)(11). The requirement that a citation contain the
clerk's address is neither trivial nor technical. Rule 99(c) requires that all citations instruct the person served that he or she
file a written answer "with the clerk who issued this citation. . . ." Tex. R. Civ. P. 99(c). Thus the defendant needs to
receive the address to the clerk's office in order to know where to file the answer. We note that the citations relating to
Spigel and Wackenhut Corporation include not only the identification and location of the trial court, but in addition, these
citations also provide the address of the clerk's office, which is P.O. Box 87, Edinburg, Texas 78540. This shows that the
clerk's office has an address separate from the 275th District Court. Specific adherence to the particulars of each rule is
required. Medeles, 923 S.W.2d at 662 (analyzing rule 99); Martinez v. Wilber, 810 S.W.2d 461, 463 (Tex. App.--San
Antonio 1991, writ denied) (incorrect cause number on citation held a fatal defect).

 By this same issue appellants argue that service was defective regarding Lopez because the citation did not advise her that
failure to answer could result in a default judgment. The citation issued to Elia Lopez stated, in relevant part:

 You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who
issued this citation by 10:00 o'clock a.m. on the Monday next following the expiration of twenty (20) days after you were
served with this citation and petition, a judgment may be taken against you.



This citation did not say that a "judgment by default" could be taken against Lopez (emphasis added). Thus the citation
directed to Lopez did not comply with rule 99(b)(12) and 99(c).

 The purpose of the notice requirement is to insure that defendants are properly warned that if they do not timely file an
answer they will have admitted all the liability facts alleged in the petition and, therefore, the trial court might enter a
judgment against them without the necessity of the plaintiff proving its case. By only informing Lopez that failure to
timely file an answer might result in "a judgment" against her the citation did not properly warn her that failure to answer
would admit liability, thereby obviating the necessity of the plaintiff having to prove her case before obtaining a judgment.

 We consider the mistakes in the citation as fatal. We hold the citation was defective on its face and was not directed to
Lopez in strict compliance with the rules of civil procedure. See Tex. R. Civ. P. 99(b)(11) & (12), 99(c). Accordingly we
hold the citation was void and service ineffective. We sustain the second issue.

 Rodriguez argues that appellants were notified independently in writing about the pending lawsuit. She also points out
that appellants' insurance carrier was notified of this suit. However a default judgment is improper against a defendant who
has not been served in strict compliance with the law, even if he has actual knowledge of the lawsuit. Wilson, 800 S.W.2d
at 837.

 Accordingly we hold the default judgment is void. Having sustained issues one and two we need not address appellants'
other issues. Tex. R. Civ. P. 47.1.

 We REVERSE the judgment and REMAND the case to the trial court.



J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 27th day of May, 1999.