NUMBER 13-04-00243-CV

 

                                 COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                        CORPUS
CHRISTI B EDINBURG

                                                                                                                       


IKON OFFICE SOLUTIONS, INC.,                                                    Appellant,

 

                                                             v.

 

INTEGRITY COMMUNICATIONS, LTD.,                                           Appellee.

                                                                                                                       


                       On appeal from the County Court at Law No. 4

                                        of
Nueces County, Texas.

                                                                                                                       


                              MEMORANDUM OPINION

 

      Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                          Memorandum
Opinion by Justice Hinojosa

 








Appellant, Ikon Office Solutions, Inc.,
brings this restricted appeal asserting the trial court erred in rendering a
default judgment in favor of appellee, Integrity Communications, Ltd.  In eight issues, Ikon contends (1) there were
defects in the service of process, and (2) the evidence presented by Integrity
was legally insufficient to support a default judgment.  We reverse and remand.

                                                   A.  Factual
Background

On December 2, 2003, Integrity filed suit
against Ikon and co-defendant, IOS Capital, L.L.C., alleging breach of
contract, deceptive trade practices, fraud, and related claims stemming from
Integrity=s purchase of a color copier/printer from
Ikon in November 2001.  Integrity filed a
return of service for both defendants on January 7, 2003.  Neither defendant filed an answer, and on
January 19, 2004, the trial court signed a default judgment in favor of
Integrity.  

On March 12, 2004, IOS filed a motion for
new trial.  IOS asserted, and the trial
court agreed, that the motion for new trial was timely because neither IOS nor
its attorney received notice of the default judgment until more than twenty
days after the judgment was signed.  See
Tex. R. Civ. P. 306a(4) (stating
that if a party affected by a judgment has not received notice of that judgment
within twenty days of its signing, the time for motions runs from the day the
party or its attorney received notice or acquired actual knowledge of the
judgment); Tex. R. App. P.
4.2(a)(1); see also Tex. R. Civ.
P. 329b(a) (stating that motions for new trial generally must be filed
within thirty days after a judgment is signed). 
On April 2, 2004, the trial court granted IOS=s motion for new trial and severed Integrity=s claims against IOS into a new case.  On April 29, 2004, Ikon filed a notice of
restricted appeal.

B.  Jurisdiction








We first address an argument asserted by
Integrity, both in their brief and in a motion to dismiss, that Ikon failed to
properly invoke this Court=s jurisdiction.  Integrity argues that Ikon is not entitled to
review by way of a restricted appeal because (1) Ikon received late notice of
the default judgment, thus extending the timetable for filing a regular notice
of appeal, and the notice of restricted appeal was filed within the time that a
regular appeal was still available to Ikon; and (2) the trial court order
granting IOS=s motion for new trial constituted an order
modifying the judgment, thus extending the plenary power of the trial
court.  Substantively, both arguments
assert that because Ikon could have timely filed a regular notice of appeal,
but instead filed a notice of restricted appeal, it has failed to properly
invoke the jurisdiction of this Court. 
We disagree.

Texas Rule of Civil Procedure 30 provides
that a party who did not file a notice of appeal within the time
permitted by rule 26.1(a) may file a notice of restricted appeal under the time
provided by rule 26.1(c).  See Tex. R. Civ. P. 30 (emphasis
ours).  Rule 30 does not state that a
party may only file a restricted appeal if they could not have
filed a notice of appeal, nor does it specify that a restricted appeal may only
be filed after the time for a regular appeal has lapsed.  See id.; see also Tex. R. Civ. P. 26.1(c) (Ain a restricted appeal, the notice of appeal
must be filed within six months after the judgment or order is signed.@).  We
will not impose additional restrictions on the right to appeal that are not
specifically set out in the Texas Rules of Civil Procedure or Texas Rules of
Appellate Procedure.








The record shows that Ikon did not file a
regular notice of appeal within the time limits imposed by rule 26.1(a), and
that its notice of restricted appeal was filed within the time limit imposed by
rule 26.1(c).  See Tex. R. Civ. P. 26.1(a), (c).  Therefore, interpreting the rules liberally
in favor of the right to appeal, we conclude that Ikon=s notice of restricted appeal properly invoked
the jurisdiction of this Court.  See
Verburgt v. Dorner, 959 S.W.2d 615, 616‑17 (Tex. 1997)
(instructing appellate courts to Aconstrue the Rules of Appellate Procedure
reasonably, yet liberally, so that the right to appeal is not lost by imposing
requirements not absolutely necessary to effect the purpose of a rule.@); see also Padilla v. LaFrance, 907
S.W.2d 454, 458 (Tex. 1995) (noting that the premature filing rules Aprevent the procedural trap that otherwise
could occur if a party prematurely filed a motion that was intended to assail
the final judgment@). 
Accordingly, we deny Integrity=s motion to dismiss, and address Ikon=s restricted appeal.   

C.  Restricted Appeal

We first address whether Ikon has
established the elements necessary to maintain its restricted appeal.  To prevail on a restricted appeal, Ikon must
establish that:  (1) it filed notice of
the restricted appeal within six months after the judgment was signed; (2) it
was a party to the underlying lawsuit; (3) it did not participate in the
hearing that resulted in the judgment complained of, did not timely file any
post-judgment motions or requests for findings of fact and conclusions of law,
and did not file a notice of appeal within the time permitted by rule 26.1(a);
and (4) error is apparent on the face of the record.  Tex.
R. App. P. 26.1(a), 30; Alexander v. Lynda's Boutique, 134 S.W.3d
845, 848 (Tex. 2004).  The face of the
record, for purposes of a restricted appeal, consists of all the papers on file
in the appeal, including the statement of facts.  Norman Communications v. Tex. Eastman Co.,
955 S.W.2d 269, 270 (Tex. 1997) (per curiam); DSC Fin. Corp. v. Moffitt,
815 S.W.2d 551, 551 (Tex. 1991).

In this case, appellant has met the first
three elements.  The only element
remaining is whether error is apparent on the face of the record.  Ikon asserts that error is apparent based on
defects in the service of process and the sufficiency of the evidence presented
to the trial court.








A default judgment cannot withstand a direct
attack by a defendant who shows that it was not served in strict compliance
with the Texas Rules of Civil Procedure. 
Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990); Medeles v.
Nunez, 923 S.W.2d 659, 662 (Tex. App.BHouston [1st Dist.] 1996, writ denied).  The record must reflect strict compliance
with the rules of civil procedure respecting the issuance of citation, the
manner and mode of service, and the return of process.  See Primate Constr., Inc. v. Silver,
884 S.W.2d 151, 152 (Tex. 1994); Harmon Truck Lines, Inc. v. Steele, 836
S.W.2d 262, 263 (Tex. App.B Texarkana 1992, writ dism=d). 
If strict compliance is not affirmatively shown, the service of process
is invalid and has no effect.  Uvalde
Country Club v. Martin Linen Supply, 690 S.W.2d 884, 885 (Tex. 1985); Harmon
Truck Lines, 836 S.W.2d at 263.  The Medeles
court interpreted strict compliance to mean Aliteral compliance@ with the rules governing issuance, service,
and return of citation.  Medeles,
923 S.W.2d at 662.

When a default judgment is attacked by way
of restricted appeal we make no presumptions in favor of valid issuance,
service, and return of citation.  See
Uvalde Country Club, 690 S.W.2d at 885; G.F.S. Ventures, Inc. v. Harris,
934 S.W.2d 813, 816 (Tex. App.BHouston [1st Dist.] 1996, no writ); McGraw‑Hill,
Inc. v. Futrell, 823 S.W.2d 414, 416 (Tex. App.BHouston [1st Dist.] 1992, writ denied).  Jurisdiction over the defendant must
affirmatively appear by a showing of due service of citation, independent of
the recitals in the default judgment.  Faggett
v. Hargrove, 921 S.W.2d 274, 276 (Tex. App.BHouston [1st Dist.] 1995, no writ); Mass.
Newton Buying Corp. v. Huber, 788 S.W.2d 100, 102 (Tex. App.BHouston [14th Dist.] 1990, no writ).








In its first issue, Ikon contends that
service by certified mail was not conducted by a person authorized to perform
service.  We agree.

Texas Rule of Civil Procedure 106 allows Aany person authorized by Rule 103@ to serve the citation by Amailing to the defendant by registered or
certified mail, return receipt requested, a true copy of the citation with a
copy of the petition attached thereto.@  Tex. R. Civ. P. 106.  Rule 103 provides that AService by registered or certified mail and
citation by publication must, if requested, be made by the clerk of the court
in which the case is pending.@  Tex. R. Civ. P. 103.  Here, service of citation was made via
certified mail by Scott E. Landreth, attorney for Integrity, and not the clerk
of the court in which the case was pending. 
We find no evidence in the record showing that Integrity obtained a
written order authorizing Landreth to attempt service by certified mail.  See Tex.
R. Civ. P. 103 (providing additionally for service by Aany person authorized by law or written
order of the court who is not less than eighteen years of age@).

Because the citation in this case was not
served on Ikon in strict compliance with the rules of civil procedure, we hold
that service of process was invalid and of no effect.  Because the error is apparent on the face of
the record, we sustain Ikon=s first issue.  In view of the dispositive nature of this
issue, we conclude it is not necessary to address Ikon=s remaining issues.  See Tex.
R. App. P. 47.1.

The default judgment against Ikon is
reversed, and the case is remanded to the trial court for further
proceedings.  It is unnecessary for new
service of process to issue.  Ikon is
before the court for all purposes.  See
Tex. R. Civ. P. 123.

 

FEDERICO G. HINOJOSA

Justice

 

 

Memorandum Opinion delivered and filed this

the 15th day of June, 2006.