NUMBER 13-05-353-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


HD MECHANICAL, INC., Appellant,


v.
 


ENRIQUEZ ENTERPRISES, INC., Appellee.

 


On appeal from the 107th District Court of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Castillo 


Memorandum Opinion by Chief Justice Valdez



 This is a restricted appeal in which appellant, HD Mechanical, Inc., seeks to set
aside a default judgment based on defective service of process. In four points of error, 
appellant contends the trial court erred in rendering default judgment against it because
the record does not affirmatively demonstrate strict compliance with the Texas Rules of
Civil Procedure regarding issuance, service, and return of citation. See Tex. R. Civ. P. 103,
106. The underlying action involves an action for damages for breach of contract brought
by appellee, Enriquez Enterprises, Inc., against appellant. For the reasons that follow, we
reverse and remand. See Tex. R. App. P. 43.2.

I. Background 

 Enriquez sued HD Mechanical for breach of a subcontract agreement. A private
process server, Dave Eckstein, was enlisted by Enriquez. Eckstein made four
unsuccessful attempts to serve HD Mechanical on the following dates: November 18, 2004,
November 22, 2004, and twice on November 23, 2004. Eckstein filed an affidavit of due
diligence with the court on November 30, 2004, to show he made attempts sufficient to
qualify Enriquez for substitute service. Enriquez filed a motion for substitute service with
the court on December 3, 2004, and an order for substitute service was issued on
December 9, 2004. The order authorized service by delivery of citation and the petition to
anyone over 16 years of age or attaching a copy to the front entry way. The officer's
return, filed January 14, 2005, recites that service was made on December 20, 2004 "as
per T.R.C.P. posting." Enriquez filed a motion for default judgment on February 14, 2005,
and the court signed its order of default judgment on the same date.

II. Standard of Review

 To prevail on a restricted appeal, HD Mechanical must establish that: (1) it filed
notice of the restricted appeal within six months after the judgment was signed; (2) it was
a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the
judgment complained of, did not timely file any post-judgment motions or requests for
findings of fact and conclusions of law, and did not file a notice of appeal within the time
permitted by rule 26.1(a); and (4) error is apparent on the face of the record. Tex. R. App.
P. 26.1(a), 30; Alexander v. Lynda's Boutique, 134 S.W.3d 845, 848 (Tex. 2004). The face
of the record, for purposes of a restricted appeal, consists of all the papers on file in the
appeal, including the statement of facts. Norman Communications v. Tex. Eastman Co.,
955 S.W.2d 269, 270 (Tex. 1997) (per curiam); DSC Fin. Corp. v. Moffitt, 815 S.W.2d 551,
551 (Tex. 1991).

 A default judgment cannot withstand a direct attack by a defendant who shows that
it was not served in strict compliance with the Texas Rules of Civil Procedure. Wilson v.
Dunn, 800 S.W.2d 833, 836 (Tex. 1990); Medeles v. Nunez, 923 S.W.2d 659, 662 (Tex.
App.-Houston [1st Dist.] 1996, writ denied). The record must reflect strict compliance with
the rules of civil procedure respecting the issuance of citation, the manner and mode of
service, and the return of process. See Primate Constr., Inc. v. Silver, 884 S.W.2d 151,
152 (Tex. 1994); Harmon Truck Lines, Inc. v. Steele, 836 S.W.2d 262, 263 (Tex.
App.-Texarkana 1992, writ dism'd). If strict compliance is not affirmatively shown, the
service of process is invalid and has no effect. Uvalde Country Club v. Martin Linen
Supply, 690 S.W.2d 884 (Tex. 1985); Harmon Truck Lines, 836 S.W.2d at 263. The
Medeles court interpreted strict compliance to mean "literal compliance" with the rules
governing issuance, service, and return of citation. Medeles, 923 S.W.2d at 662.

 When a default judgment is attacked by way of restricted appeal, we make no
presumptions in favor of valid issuance, service, and return of citation. See Uvalde
Country Club, 690 S.W.2d at 885; G.F.S. Ventures, Inc. v. Harris, 934 S.W.2d 813, 816
(Tex. App.-Houston [1st Dist.] 1996, no writ); McGraw-Hill, Inc. v. Futrell, 823 S.W.2d 414,
416 (Tex. App.-Houston [1st Dist.] 1992, writ denied). Jurisdiction over the defendant
must affirmatively appear by a showing of due service of citation, independent of the
recitals in the default judgment. Faggett v. Hargrove, 921 S.W.2d 274, 276 (Tex.
App.-Houston [1st Dist.] 1995, no writ); Mass. Newton Buying Corp. v. Huber, 788 S.W.2d
100, 102 (Tex. App.-Houston [14th Dist.] 1990, no writ).

III. Analysis

 By its first issue, appellant asserts that substituted service was not appropriate
because the initial attempts at service were not conducted by a person authorized to
perform service; thus, appellee did not comply with the requirements of rule 106(b) for
obtaining substitute service. Appellant contends that the failed attempts at service in this
case (on November 18, 22, and 23, 2004) should not be considered because the attempts
were made prior to the process server being authorized to serve citation in this cause. We
agree. 

 Rule 103 provides in relevant part:

Process-including citation and other notices, writs, orders, and other papers
issued by the court-may be served anywhere by (1) any sheriff or constable
or other person authorized by law, (2) any person authorized by law or by
written order of the court who is not less than eighteen years of age, or (3)
any person certified under order of the Supreme Court.


Tex. R. Civ. P. 103. 


 Rule 106(b) of the Texas Rules of Civil Procedure states: 

Upon motion supported by affidavit stating the location of the defendant's
usual place of business or usual place of abode or other place where the
defendant can probably be found and stating specifically the facts showing
that service has been attempted under either (a)(1) or (a)(2) at the location
named in such affidavit but has not been successful, the court may authorize
service 


(1) by leaving a true copy of the citation, with a copy of the petition attached,
with anyone over sixteen years of age at the location specified in such
affidavit, or 


(2) in any other manner that the affidavit or other evidence before the court
shows will be reasonably effective to give the defendant notice of the suit. 


Tex. R. Civ. P. 106(b). 


 Appellant alleges the private process server was not authorized to serve citation
until November 30, 2004, when the court authorized the process server to do so. See Tex.
R. Civ. P. 103(2). Therefore, appellant contends, the attempts prior to November 30
cannot be considered for purposes of rule 106(b). Appellant further notes that although
Eckstein was finally authorized to serve on November 30, his subsequent motion for
substituted service did not comply with rule 106(b). Appellee counters that Eckstein was
authorized to serve process at the time that service was made on December 20, 2004.

 The record reflects that the trial court authorized Eckstein to serve process by either
(1) hand delivery or (2) certified mail on November 30, 2004. See Tex. R. Civ. P. 103,
106(a). The record also reflects that, in support of his motion to be authorized to serve
process, Eckstein attached an affidavit of due diligence delineating four failed attempts at
service prior to November 30. However, because Eckstein was not authorized to serve
process prior to November 30, we do not take these attempts into consideration for 106(b)
purposes. See Tex. R. Civ. P. 103, 106(b). Therefore, because there were no failed
attempts at service after Eckstein was authorized, appellee did not meet the requirements
of rule 106(b). In addition, appellee's motion for substitute service failed to include the
affidavit required by rule 106(b). 

 The face of the record reflects that appellant did not comply with the rules for
service of citation. Accordingly, appellant's first issue is sustained. Given our disposition,
we need not address appellant's remaining issues. See Tex. R. App. P. 47.1. 

 We reverse the judgment of the trial court and remand the cause for further
proceedings consistent with this opinion. 


 _______________________

 ROGELIO VALDEZ,

 Chief Justice


Dissenting memorandum opinion by Justice Castillo.


Memorandum Opinion delivered and 

filed this the 10th day of August, 2006.