MOORHEAD v. TRANSPORTATION BANK OF CHICAGO, ILL.

No. 4052.

Court of Civil Appeals of Texas. Amarillo.

June 28, 1933.

Stalcup & Fike, of Dalhart, for appellant.

Tatum & Strong, of Dalhart, for appellee.

MARTIN, Justice.

On July 10, 1931, a personal judgment was rendered by the superior court of Cook county, Ill., for the sum of $36,262.40 against appellant and in favor of appellee. Thereafter a suit was filed in the district court of Dallam county, Tex., by appellee against appellant on this judgment. In its petition, after alleging due service of process in the Illinois suit and describing the said judgment, it is therein further alleged: "A transcript of said judgment and proceedings had in the aforesaid court in said suit, duly authenticated as required by law in such cases, is herewith filed, marked 'Exhibit A' for identification and made a part hereof."

Appellant answered by general demurrer and general denial.

The Illinois suit against appellant was filed May 28, 1931. A purported summons, corresponding to our citation, was issued in the Illinois suit and served on appellant on May 27, 1931, one day before the suit was filed against him. This fact conclusively appears from the said exhibit attached to appellee's original petition. On the trial appellee introduced in evidence this same matter, being an exemplified copy of the entire proceedings in said cause in said Cook county, Ill., and certified by the clerk of said court "to be a true, perfect and complete transcript" of the proceedings in said cause. Appellant introduced no evidence. Judgment in the trial court was for appellee.

In our opinion the Illinois judgment was void and could not be made the basis of a suit and judgment against appellant in Texas.

Article 2022, R. S. 1925, prescribes, in part, the requisites of a citation as follows: "It shall state the date of the filing of the petition, its file number and the names of all the parties and the nature of the plaintiff's demand."

This provision necessarily implies that a suit must be filed before a citation can issue. In the absence of evidence to the contrary, we presume here that the law of Illinois is the same as that of Texas regarding the issuance and service of citations. So presuming, as we must, since no evidence was introduced regarding this matter, we have here what we construe to be a foreign judgment rendered without any service of process on the defendant. We need not pause here to cite authority for the elementary proposition that a court has no authority to enter a judgment without giving the defendant an opportunity for his day in court.

The citation described in appellee's pleading, copy of which was introduced in evidence by appellee as the basis of its claim of service of process, is, in our opinion, an absolute nullity. Such an instrument has been called a void process. Atchison, T. & S. F. Ry. Co. v. Lambert, 31 Okl. 300, 121 P. 654, Ann. Cas. 1913E, 329.

The purported summons shown in the record was signed by the clerk of the superior court of Cook county, it is true, but he was, in our opinion, utterly void of authority to legally issue such an instrument before any suit had ever been filed, and the instrument exhibited as a citation upon which the judgment sued on appears to have been based is no more than a mere "scrap of paper."

The judgment in question recites "that due personal service of process * * * has been had on the defendant William H. Moorhead, for at least ten days before the first day of this term." In view of this specific finding appearing in the face of the judgment, appellee insists that such instrument imports absolute verity and may not be contradicted. Assuming that our conclusion above is correct, that the service shown amounts to no service, the question raised is not an open one. In a suit in Texas on a foreign judg-

ment, it may be proven that no service of process was had prior to its entry, and this though due service of process is recited in the face of such judgment. In order to prove that the court rendering judgment had no jurisdiction or authority to do so, it is permissible to contradict recitals of the character above noted. Norwood v. Cobb, 15 Tex. 500; League v. Scott, 25 Tex. Civ. App. 318, 61 S. W. 521; Chunn v. Gray, 51 Tex. 112; Easley v. McClinton, 33 Tex. 288; Black on Judgments, § 901; 25 Tex. Jur. p. 864.

Even as to domestic judgments, Texas appears to stand practically alone among the states of the Union in its strict rule against contradicting recitals of service of process appearing in such judgments. See exhaustive notes to the case of American Cotton Oil Co. v. House, 68 A. L. R. 385 et seq.

If there was no service of process in the above case, the court entering judgment was without jurisdiction.

As said in First National Bank v. Alexander (Tex. Civ. App.) 236 S. W. 229, 231: "To say that a state court, after having usurped authority, may protect its usurpation by making a false record regarding the service of its initial process, is to legalize an indirect method of evading the Constitution."

The appellee further contends that appellant cannot raise an issue of this kind under a mere general denial.

The appellee pleaded, as above stated, due service of process. This was denied by appellant. An issue was thus joined. Appellee itself furnished the evidence of the invalidity of the judgment. Such a question may be raised by a demurrer when lack of jurisdiction appears from the pleadings of the plaintiff. 34 C. J. 1119; Smith v. Smith, 17 Ill. 482.

We cannot here presume, as contended by appellee in support of this judgment, that appellant has been duly and legally served with citation under the particular facts of this case.

"Presumptions are never indulged in against established facts. They * * * only * * * supply the place of facts. As soon as evidence is produced which is contrary to the presumption, which arose before the contrary proof was offered, the presumption vanishes entirely." Osborne v. Osborne, 325 Ill. 229, 156 N. E. 306, 307. See, also, the Supreme Court case of Fowler v. Simpson, 79 Tex. 611, 15 S. W. 682, 23 Am. St. Rep. 370.

We have not noticed appellant's contention that the citation in question failed to contain the suit number in its face and named an impossible date for appearance. It is not necessary to discuss these matters since, in our opinion, appellee's pleading and proof both show conclusively that what is alleged to be service of process was, in fact, no service.

In justice to the trial court and appellee's counsel, we make note of the fact that it is stated in their brief that the irregularities in the process complained of by appellant were not noticed in the trial of the case.

Believing that justice will be better served by reversing and remanding this case than by reversing and rendering it, we accordingly so order.

Reversed and remanded.