**FEDERAL INSURANCE COMPANY, Appellant,**

v.

**TICOR TITLE INSURANCE COMPANY OF CALIFORNIA, Appellee.**

**Nos. 09–88–171 CV, 09–88–252 CV.**

Court of Appeals of Texas, Beaumont.

June 29, 1989.

Martin D. Beirne, Vincent J. Dugan, Susan K. Pavlica, Houston, for appellant.

Thomas Hutcheson, James E. Doyle, Laurie B. Easter, Houston, for appellee.

OPINION

BURGESS, Justice.

This is a default judgment case. Federal Insurance Company (Federal), insured Ticor Title Insurance Company of California (Ticor) against certain losses. On September 28, 1987, Ticor filed suit against Federal seeking damages of $5,000,000.00 (the amount of the policy), exemplary damages, prejudgment interest and attorneys fees. On November 18, Federal paid Ticor the $5,000,000.00 policy amount. On November 24, 1987, Ticor received an interlocutory default judgment against Federal. On January 21, 1988, Ticor presented evidence of damages and was awarded a judgment of $216,175.74, plus post-judgment interest and appellate attorneys fees. On January 22, 1988, a deputy district clerk mailed Federal a copy of the default judgment. On March 10, 1988, Federal filed a motion for new trial. Hearings were held on April 12 and April 21, 1988, with the court denying the motion on May 9, 1988. Federal filed its cost bond on May 18, 1988. (No. 09–88–00171). On July 19, 1988, Federal filed a petition for writ of error and filed a cost bond. (No. 09–88–00252).

Initially Ticor challenges the right of Federal to pursue both an appeal and a writ of error appeal, citing *Salvaggio v. Brazos Cty. Water Control*, 598 S.W.2d 227, 230 (Tex.1980). This case holds either an appeal or writ of error may be had and not both methods simultaneously. The case does not give us any direction when both methods have been perfected. In their response to Ticor's motion to dismiss, Federal, in a manner of speaking, made an election by stating: "In the event this Court determines that it will not permit Federal to add the writ of error to the present appeal, Federal stands on its perfected appeal." We, therefore, dismiss the writ of error appeal. (No. 09–88–00252).

Turning to the appeal (No. 09–88–00171), Ticor argues the appeal has not been timely perfected because the motion for new trial was not timely filed. Federal was required to file its cost bond within 30 days of the signing of the default judgment or within 90 days if a timely motion for new trial was filed. *TEX.R.APP.P. 41(a)*. The cost bond was filed 118 days after the default judgment was signed. Obviously, this is untimely unless Federal could show it was entitled to an extension under *TEX. R.APP.P. 5(b)(4)*. Under *TEX.R.APP.P. 5(b)(5)*, Federal must prove in the trial court, on sworn motion and notice, the date on which it first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than 20 days after the judgment was signed. Federal submitted two affidavits from John J. Tomaine, its bond claim attorney. In the first affidavit Tomaine stated, in pertinent part:

"Federal did not receive notice of the default judgment entered by this Court from the clerk of this Court nor did it acquire actual knowledge of the default judgment until after February 11, 1988, over twenty (20) days after judgment was signed. On February 22, 1988, I received notice of the default judgment sent by the clerk of this Court from the National Claims department of Federal, which received the notice on the same day....

"It is in the regular course of business for Federal to record the receipt of legal papers sent to Federal. An employee of Federal with personal knowledge of the date of receipt makes a record of such receipt on the day the legal paper is

received. My examination of the records did not reveal any judgment or notice of default in this case being received prior to February 22, 1988. The absence of any such receipt in the regularly maintained records of Federal demonstrates that no judgment was received."

The second affidavit stated, in pertinent part:

"Federal did not receive notice of the default judgment entered by this Court from the clerk of this Court nor did it acquire actual knowledge of the default judgment until after February 11, 1988, over twenty (20) days after judgment was signed. On February 22, 1988, I received notice of the default judgment sent by the clerk of this Court from the National Claims department of Federal, which received the notice on the same day."

Ticor argues these affidavits are insufficient to prove the date Federal received the judgment. We disagree. Tomaine's sworn statement that he received the judgment on February 22, 1988, coupled with his statement that he could find no evidence of receipt prior to that date—see *TEX.R.CIV. EVID. 803(7)*—is sufficient to rebut the prima facie presumption that Federal received the judgment within three days of its mailing by the deputy district clerk. *TEX.R.CIV.P. 21a.* Therefore, the motion for new trial was timely. Consequently the cost bond was timely and appeal was properly perfected.

Federal's first point of error alleges the trial court erred in overruling the motion for new trial because Federal "satisfied all of the criteria established by the *Craddock* rule for granting a new trial from a default judgment." [1] The next two points argue the trial court erred in entering the default judgment because the record does not reflect that the court had personal jurisdiction over Federal at the time the judgment was entered. We find these points dispositive.

■ Ticor's original petition, in pertinent part, stated:

"Defendant, Federal Insurance Company is a New Jersey insurance company doing business in The State of Texas. Venue is proper in this County because a part of Ticor Title's cause of action arose herein. Federal Insurance Company may be served with process herein by serving The Honorable Doyce R. Lee, the Commissioner of Insurance for the State of Texas, at The State Board of Insurance, 1110 San Jacinto Blvd., Austin, Texas 78701–1998."

The return of citation shows, through a hand stamp, that Federal was served "by delivering to Doyce R. Lee, Commissioner of Insurance of State of Texas as agent for service."

*TEX.INS.CODE ANN. art. 1.36* (Vernon Supp.1989) establishes the rules for service of process on insurance companies. Section 4 deals with service of process on foreign insurance companies licensed by the State Board of Insurance. Subsection (a) requires a company authorized to do business in Texas to appoint a person in this state as attorney for service. Subsection (b) designates the commissioner as the attorney for service if (1) the company fails to appoint or maintain an attorney for service, (2) if an attorney for service cannot be found with reasonable diligence, or (3) if the certificate of authority is revoked. Section 7 deals with service of process on the commissioner on behalf of unauthorized persons or insurers. Subsection (a) states that the act of doing insurance business by an unauthorized insurer constitutes an irrevocable appointment of the commissioner as attorney for service. Thus, there are five scenarios under which the commissioner could be Federal's attorney for service.

■ Ticor's petition does not allege whether or not Federal is authorized to do business in this State nor does it allege under what provision of Article 1.36 is the commissioner Federal's attorney for service. Lack of these allegations is fatal.

---

1. *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (1939), has been modified by *Lopez v. Lopez,* 757 S.W.2d 721 (Tex.1988).

*See also Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988).

*McKanna v. Edgar*, 388 S.W.2d 927 (Tex. 1965), holds that jurisdiction must affirmatively appear on the face of the record and the plaintiff has the burden of making sufficient jurisdictional allegations, and even the return cannot supply missing jurisdictional facts upon which service must depend. The parties cite us to courts of appeal cases which are divided over the issue of whether there must be independent proof in the record, over and above the petition and return of service, that the person served was the proper party for service. *See NBS Southern, Inc. v. The Mail Box, Inc.*, 772 S.W.2d 470 (Tex.App.—Dallas, 1989, no writ) for an excellent discussion of this issue. This, however, is not the issue in this case since Ticor's petition does not allege the factual basis for service upon the commissioner. Nor can Ticor rely on proof at the motion for new trial that Federal had in fact designated the commissioner as its attorney for service. Proof at a new trial hearing is ineffective to revive a default judgment entered without proof of personal jurisdiction over the defendant. *NBS Southern, Inc., supra; Bronze & Beautiful, Inc. v. Mahone*, 750 S.W.2d 28, 29 (Tex.App.—Texarkana 1988, no writ); *American Universal Ins. Co. v. D.B. & B., Inc.*, 725 S.W.2d 764, 767 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.).

The judgment is reversed and the cause remanded.[2] Federal shall bear the costs in No. 09–88–00252, and Ticor shall bear the costs in No. 09–88–00171.

REVERSED and REMANDED.

---

2. Federal, of course, is deemed to have made an appearance. *TEX.R.CIV.P. 123.*