McGRAW–HILL, INC. and Lance E. Walters, Appellants,

v.

Charles FUTRELL, Appellee.

No. 01–90–00947–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 16, 1992.

David H. Donaldson, Austin, for appellants.

John C. Hampton, Bryan, for appellee.

Before TREVATHAN, C.J., and COHEN and O'CONNOR, JJ.

## OPINION ON MOTION
## FOR REHEARING

O'CONNOR, Justice.

The primary issue before this Court is whether a defendant was properly served before a default judgment was entered. We find that it was not, and we reverse.

On motion for rehearing, we deny the motion, withdraw our opinion issued on December 5, 1991, and issue this corrected opinion in its stead.

### Fact summary

Charles Futrell, the appellee, sued McGraw–Hill Book Company, A Division of McGraw–Hill, Inc., and Lance E. Walters, the appellants (collectively "McGraw"), for tortious interference with contractual and business relations, conspiracy, fraud, breach of implied covenant of good faith, and breach of contract. Futrell had been retained by McGraw–Hill to revise the ninth edition of a textbook entitled "Fundamentals of Marketing." McGraw contends it was not satisfied with the quality of Futrell's work and after several costly extensions for revisions, terminated the contract. Futrell contends that McGraw did not provide sufficient editorial assistance, guidance, or time to revise his manuscript.

McGraw miscalculated the answer date, and on the morning after the answer was due, the trial court granted a judgment of default in the amount of $1.85 million. Three days after the default judgment was granted, but before McGraw received notice of the default judgment, McGraw removed the case to federal court. McGraw filed a general denial six days after the default judgment was granted. Notice of the default judgment was sent to the wrong address, and McGraw did not acquire actual notice until 20 days later, when Futrell filed a pleading in federal court that disclosed a default judgment had already been entered before the removal. The federal court remanded to state court on July 19, 1990. Once the case was remanded, McGraw timely filed its motion for new trial, which the trial court overruled. This appeal followed.

### Defective service

In its first eight points of error, McGraw argues the default judgment is void because service was not proper. We consider only two of those points.

In points of error one through five, McGraw argues the default cannot stand because the return of citation is defective on its face and plaintiff did not properly serve it with citation. A default judgment cannot withstand a direct attack by a defendant who shows that he was not served in strict compliance with the law. *Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex. 1990). There are no presumptions in favor of valid issuance, service, and return of citation in the face of a direct attack on a default judgment. *Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 885 (Tex.1986). In addition, failure to affirmatively show strict compliance with the Texas Rules of Civil Procedure renders the attempted service of process invalid and of no effect. *Id.*

### 1. Return not verified

In point of error one, McGraw argues that neither of the returns of the citations was verified, as required by rule 107 of the Texas Rules of Civil Procedure. Effective January 1, 1988, the Rules of Civil Procedure relating to service of process were amended to permit service of citation by private process servers "authorized by law" and by persons authorized by the trial court. Tex.R.Civ.P. 103 Comment (Vernon Supp.1992) ("The amendment makes clear that the courts are permitted to authorize persons other than Sheriffs or Constables to serve citation"). To accommodate to this change, rule 107 was amended to require authorized persons to verify the return of citation. The manner of verification is not specified in the rule, and we have found no authority on point. Presumably, it is the same as verification by affidavit, as provided in other rules such as rule 93 of the Texas Rules of Civil Procedure. *See* Kilgarlin, Quesada, & Russell, *Practicing Law in the "New Age": The 1988 Amendments to the Texas Rules of Civil Procedure,* 19 Tex.Tech L.Rev. 881, 888–89 (1988). Rule 93, however, specifies the manner of verification as "by affidavit," whereas rule 107 does not.

In construing a statute or rule, we will use the plain and ordinary meaning of a word. *Hopkins v. Spring Indep. School Dist.,* 736 S.W.2d 617, 619 (Tex.1987). This court long ago considered the meaning of "verified," as it was used but undefined in the City of Houston's charter. *City of Houston v. Quinones,* 172 S.W.2d 187 (Tex.Civ.App.—Galveston 1943), *rev'd on other grounds,* 142 Tex. 282, 177 S.W.2d 259 (1944). "Verified" was defined as "[a]n acknowledgment of an instrument before a notary public proves or verifies it for record." *Id.* at 190.

In this case, the process server completed the "Certificate of Delivery" at the bottom of each return, certifying that he delivered to the party a copy of the "instrument." There is nothing on the citation or attached to the citation that can be considered a verification. We sustain point one.

### 2. Wrong dates for service

In point of error two, McGraw argues that the certificates of delivery recite a date before the suit was filed as the

date of service. Futrell does not assert otherwise. The record shows that the process server recited three different dates in his return of citation. One of those dates, the date made part of the certificate of delivery at the bottom of each return, is March 2, 1990. This date is 17 days before the filing of the suit. It is impossible to serve a citation before a suit is filed. *George v. Elledge,* 261 S.W.2d 201, 201 (Tex.Civ.App.—San Antonio 1953, no writ). The suit must be on file when the citation is issued. *Moorehead v. Transp. Bank,* 62 S.W.2d 184, 185 (Tex.Civ.App.—Amarillo 1933, no writ). If the citation is issued before the suit is filed, even by one day, the citation is invalid and a default judgment rendered on it is void. *Id.*

Even if we assume one of the other dates on the citation is the date of delivery, it is not clear which date is the one on which the service was accomplished. We have found no authority holding that one date or another should prevail when there is a discrepancy on the face of the return.

There are no presumptions in favor of valid issuance, service, and return of citation in the face of a direct attack on a default judgment. A failure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect. *Wilson,* 800 S.W.2d at 836 (citing *Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 885 (Tex. 1985)).

We sustain point of error two.

### 3. No waiver of service

■ In reply point of error two, Futrell argues that McGraw judicially admitted proper service in its motion to remove the suit to federal court. The record shows that in its notice of removal, McGraw states: "On April 2, 1980, McGraw–Hill was served with process, to which was attached Plaintiff's Original Petition." And in paragraph nine of the notice, McGraw states: "This notice is filed within thirty days after the receipt by McGraw–Hill of a copy of the initial pleading and citation setting forth the claims upon which

this proceeding is based." We first note that McGraw did not acknowledge that it was "duly served" with process; it did acknowledge "receipt."

■ The Texas Supreme Court recently decided a case where the plaintiff contended the defendant was foreclosed from complaining that service was defective because he had admitted receipt of the suit papers. *Wilson v. Dunn,* 800 S.W.2d 833 (Tex. 1990). In *Wilson,* the court distinguished the receipt of the suit papers from service. It held that actual knowledge of the lawsuit could not cure defective service. *Id.* at 837. Actual notice to a defendant without proper service, is not sufficient to confer jurisdiction on the court to render default judgment. *Id.* at 836.

■ We also note that the notice of removal was filed after the default judgment was entered. An appearance after a default judgment is taken "does not breathe life into the voidable judgment; nor can any admission regarding acceptance of service revive a default judgment taken when the court lacked jurisdiction." *Copystatics, Inc. v. Bourn,* 694 S.W.2d 613, 615 (Tex.App.—Texarkana 1985, writ ref'd n.r.e.). Proof after the default judgment cannot supply a missing element of service and validate a default judgment rendered on defective service. *See Federal Ins. Co. v. Ticor Title Ins. Co.,* 774 S.W.2d 103, 106 (Tex.App.—Beaumont 1989, no writ) (plaintiff could not use proof introduced at a hearing on a motion for new trial that a corporation designated the insurance commissioner as its attorney for service).

Further, Futrell's argument pales in the face of the Texas Supreme Court's recent statement in *Wilson.* Quoting from the RESTATEMENT (SECOND) OF JUDGMENTS § 3 cmt. d (1982); the supreme court said:

A default judgment is awarded not because the court is entirely satisfied that the claim has substantive merit ... but because the party in default was derelict in complying with the rules of procedure governing how he may make his defense. An applicant for relief from such derelic-

tion must show that he acted with due diligence after having become aware of the default and that he has a good case on the merits.... Assuming he makes such a showing, the only ground supporting the judgment is that the defendant has failed to respond to the action in conformity with applicable procedure for doing so. If the defendant can then show that the person commencing the action was guilty of comparable non conformity with procedural rules, under a principle of equality the derelictions offset each other and the merits of the controversy may be brought forward for consideration.

*Id.* at 837.

We do not reach the remaining points of error.