Opinion issued
June 30, 2011


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-10-00197-CV

———————————

DEBORAH K. CHUPP,
Appellant

V.

CLIFTON O. CHUPP, Appellee



 



 

On Appeal from the 300th District Court 

Brazoria County, Texas



Trial Court Case No. 54839

 



 

 

MEMORANDUM
OPINION

          Deborah
K. Chupp appeals a final divorce decree rendered by default.  The decree dissolves the marriage between her
and Clifton O. Chupp and divides their marital property estate.  In two issues, Deborah asserts (1) the trial
court lacked personal jurisdiction over her to render the default divorce
decree because service of process was defective, and (2) the trial court abused
its discretion in its division of the marital estate.

          We reverse
and remand.

Procedural Background

          Clifton
O. Chupp filed for divorce from his wife, Deborah K. Chupp, on November 5,
2009.  Clifton filed his first amended
petition for divorce on November 9, 2009. 
The record reflects that Clifton served Deborah with the first amended
petition on November 10, 2009.  The
return of service provides as follows: 

OFFICER’S RETURN

 

Came to hand on November 10,
2009, at 4:34 P.M. and executed in Brazoria County, Texas by delivering to each
of the within named parties, in person, a true copy of this CITATION together
with the accompanying copy of the ORIGINAL PEITION [sic] FOR DIVORCE at the
following time and places to-wit: [Deborah Chupp on November 11, 2009 at 5:12
p.m. at 719 N. Market Street, Brazoria, Texas 77422].

 

The return of service of citation was signed by Darla
Brown of Brown Process Service and accompanied by Brown’s license number as
issued by the Process Service Review Board. 


Deborah did not answer or
otherwise respond to the petition.  On
January 28, 2010, the trial court conducted a hearing on the divorce petition.  Clifton and his attorney appeared, but Deborah
did not appear.  

          At
the beginning of the hearing, the trial court stated on the record as follows:

Before we start the hearing,
the Court will take judicial notice of the following: After reviewing the
Court’s file, I found the First Amended Petition for Divorce file-marked
November 9, 2009, filed by Mr. Chupp.  Prior
to that there was an Original Petition for Divorce filed November 5, 2009, also
by Clifton Chupp.  There is a return of
service of citation on the First Amended Original Petition for Divorce, return
of which is file-marked November 12, 2009, evidencing that Deborah Chupp was
personally served with citation on November 10th, 2009, at 5:12 p.m. at 719
North Market Street in Brazoria, Texas.

 

          After reviewing the Court’s file, I do not see where she’s
filed a response.  Her name was called
three times by the bailiff of the court with no response.  I have an attorney—I have Mr. Chupp in the courtroom along with his
attorney of record, Erinn Brown.

 

Clifton testified at the hearing, stating the
grounds on which he sought divorce. 
Clifton also provided testimony to support the division of the marital
estate that he requested.  

At the conclusion of the
hearing, the trial court rendered a final decree of divorce by default.  In the decree, the trial court granted Clifton
a divorce from Deborah and divided the marital estate.  With regard to the property division, the
trial court’s decree provides, inter alia, that each party is awarded retirement
and bank accounts in that party’s name. 
Clifton was also awarded funds in five other bank accounts.  Deborah was awarded one motor vehicle;
Clifton was awarded three motor vehicles and a motorcycle.  Deborah was awarded a stained glass
collection and family photographs. 
Clifton was awarded nine pieces of real property.  

          Deborah
became aware of the divorce and property division and filed this appeal.  In two issues, Deborah challenges the default
divorce decree.  

Defective Service of Process

In her first issue, Deborah
contends, “The trial court did not have personal jurisdiction over the
appellant due to defective service.”  Among
her arguments, Deborah points out that the return of service of the citation is
not verified as required by Rule of Civil Procedure 107.[1]

Applicable Legal Principles

          Without
proper service of citation, a trial court does not have in personam jurisdiction
to render a default judgment against a non-answering defendant.  See
Marrot Commc’ns., Inc. v. Town & Country P’ship, 227 S.W.3d 372, 376
(Tex. App.—Houston
[1st Dist.] 2007, pet. denied).  Thus,
Deborah’s claim that service of process was defective is properly cast as a
challenge to the trial court’s personal jurisdiction over her.  See
Furst v. Smith, 176 S.W.3d 864, 868 (Tex. App.—Houston [1st Dist.] 2005, no pet.).  Whether service was in strict compliance with
the Rules of Civil Procedure is a question of law we review de novo.  See id. at
868–69; see also Titus v. Southern Cnty. Mut. Ins.,
No. 03–05–00310-CV, 2009 WL
2196041, at *2 (Tex. App.—Austin July 24, 2009, no pet.).  

When a defendant has not answered,
a trial court acquires jurisdiction over that defendant solely on proof of
proper service.  Furst, 176 S.W.3d at 868. 
The party requesting service must ensure that proper service is
accomplished and that the record reflects proper service.  Id.
at 869 (citing TEX. R. CIV. P. 107 (prohibiting
rendition of default judgment unless proof of proper service or process and
return, whether in compliance with governing rules or as ordered by court, have
been on file for 10 days), and Wilson v.
Dunn, 800 S.W.2d 833, 836 (Tex. 1990)).  

A default judgment cannot withstand
a direct attack by a defendant who shows that he was not served in strict
compliance with the Rules of Civil Procedure.  See Hubicki
v. Festina, 226 S.W.3d 405, 408 (Tex. 2007); McGraw-Hill, Inc. v. Futrell, 823 S.W.2d 414, 416 (Tex. App.—Houston [1st Dist.]
1992, writ denied).  In contrast to the
usual rule that all presumptions will be made in support of a judgment, there
are no presumptions of valid issuance, service, and return of citation when
examining a default judgment.  Uvalde Country Club v. Martin Linen Supply
Co., 690 S.W.2d 884, 885 (Tex. 1985); McGraw-Hill,
823 S.W.2d at 416.  “Jurisdiction over
the defendant must affirmatively appear by a showing of due service of
citation, independent of the recitals in the default judgment.”  Faggett
v. Hargrove, 921 S.W.2d 274, 276 (Tex. App.—Houston [1st Dist.] 1995, no writ).  Failure to affirmatively show strict
compliance with the Rules of Civil Procedure renders the attempted service of
process invalid and of no effect.  McGraw-Hill, 823 S.W.2d at 416.  Actual notice to a defendant, without proper
service, is not sufficient to convey upon the trial court jurisdiction to
render a default judgment.  Wilson, 800 S.W.2d at 836; McGraw-Hill, 823 S.W.2d at 417.

Rule of Civil Procedure 107 provides,

The return of the officer or
authorized person executing the citation shall be endorsed on or attached to
the same; it shall state when the citation was served and the manner of service
and be signed by the officer officially or by the authorized person.  The return of citation by an authorized person
shall be verified. . . .

 

. . . .

 

No default judgment shall be
granted in any cause until the citation, or process . . . with proof of service
as provided by this rule . . . shall have been on file with the clerk of the
court ten days, exclusive of the day of filing and the day of judgment.

 

TEX.
R. CIV. P. 107.

 

Rule 107 requires that “authorized
persons” verify the return of citation in addition to signing it.[2]
 Id.;
see McGraw-Hill, 823 S.W.2d at 416.  A private process server is an “authorized
person” and therefore must verify the return.  See Ameriquest
Mortg. Co. v. Ashworth, No. 01-08-00544-CV, 2010 WL 1491954, at *2 (Tex.
App.—Houston [1st Dist.] Apr. 15, 2010, pet. denied); Frazier v. Dikovitsky, 144 S.W.3d 146, 149 (Tex. App.—Texarkana 2004, no
pet.).  The Rules of Civil Procedure do
not specify the manner of verification required.  But this Court has previously stated,
“Presumably, it is the same as verification by affidavit, as provided in other
rules,” and concluded, “[A]n acknowledgment of an instrument before a notary
public proves or verifies it for record.” 
McGraw-Hill, 823 S.W.2d at
416; see Ameriquest Mortg. Co., 2010
WL 1491954, at *2 (applying McGraw-Hill definition); Seib v. Bekker, 964 S.W.2d 25, 28 (Tex.
App.—Tyler 1997, no
writ) (“[R]eturn of service of citation by a private process server . . . shall
be sworn to by the private process server before a notary public and filed with
the papers in the cause.”); see also
Frazier, 144 S.W.3d at 149 (stating that “verified” under Rule 107 requires
“some sort of an acknowledgment before a notary public”).

Analysis

Here, the return of service was
signed by Darla Brown, a licensed private process server; thus, the return of
service of citation was required to be acknowledged before a notary public.  See McGraw-Hill,
823 S.W.2d at 416; Ameriquest Mortg. Co.,
2010 WL 1491954, at *3.  It was not so
acknowledged.  Although Brown signed the
return and indicated her license number, this was not sufficient to satisfy the
requirements of Rule 107.  See Ameriquest Mortg. Co., 2010 WL
1491954, at *3.  Because the return of service does not
comply with Rule 107, service of process in this case was invalid and of no
effect.  See McGraw-Hill, 823 S.W.2d at 416; Ameriquest Mortg. Co, 2010 WL 1491954, at *4.  We conclude
that the trial court did not have personal jurisdiction over Deborah at the
time it signed the final divorce decree. 
See Ameriquest Mortg. Co., 2010
WL 1491954, at *2–4; see also Furst, 176 S.W.3d at 868 (explaining
that if defendant has not answered, trial court acquires jurisdiction over that
defendant solely on proof of proper service).  Because no citation with “proof of service as
provided by” Rule 107 to obtain personal jurisdiction was on file when the default
judgment was granted, we hold that the trial court erred in rendering the default
divorce decree.  See Tex. R. Civ. P. 107; Ameriquest
Mortg. Co., 2010 WL 1491954, at *4; see
also Hubicki, 226 S.W.3d at 408 (holding that default judgment rendered on
defective service cannot stand); Seib,
964 S.W.2d at 28 (concluding affidavit that failed to verify facts relating to
act of service did not strictly comply with Rules of Civil Procedure and
judgment of trial court must be reversed).

We sustain Deborah’s first issue.[3]


Conclusion

          We reverse
the judgment of the trial court and remand the case for further proceedings.[4]  

 

 

Laura Carter Higley

                                                                   Justice


 

Panel consists of
Justices Jennings, Higley, and Brown.

 











[1]
       Clifton filed a letter notifying this Court that he
would not be filing a brief.  When an
appellee does not file a brief, the appellate court may accept any factual
statement made in appellant’s brief as true, if supported by record references.
 See
Tex. R. App. P. 38.1(g).  In the letter, Clifton also concedes that the
return of service was not verified as required by Rule 107.  Clifton agrees with appellant that the
default divorce decree should be reversed, and the case should be remanded to
the trial court for a new trial.  





[2]           Rule 107 does not require an
“officer” to verify the return of citation. 
TEX. R. CIV. P. 107; Myan Mgmt.
Group, L.L.C. v. Adam Sparks Family Revocable Trust, 292 S.W.3d 750, 752
(Tex. App.—Dallas
2009, no pet.).  An “officer” for Rule
107 purposes is a sheriff or constable.  See Houston Pipe Coating Co. v. Houston
Freightways, Inc., 679 S.W.2d 42, 45 (Tex. App.—Houston [14th Dist.] 1984, writ ref’d n.r.e.) (“When
Rule 107 is read in conjunction with Rule 103, it is apparent that the
‘officer’ spoken of in Rule 107 is ‘the sheriff or any constable’ referred to
in Rule 103.”); see also Cont’l Cas. Co.
v. Guzman, No. 04-07-00589-CV, 2009 WL 136926, at *5 (Tex. App.—San Antonio Jan. 21, 2009,
pet. denied) (recognizing that district clerks, like sheriffs and constables,
are considered “officers,” who, by virtue of their offices, are not required to
verify returns).





[3]           Because we conclude that service of process was defective
and did not support the trial court’s personal jurisdiction over Deborah to
render the default divorce decree, we need not address Deborah’s remaining
issues.  See Tex. R. App. P.
47.1 (“The court of appeals must hand down a written opinion that is as brief
as practicable but that addresses every issue raised and necessary to final
disposition of the appeal.”).

 





[4]
       Rule of Civil Procedure 123 provides, “Where the
judgment is reversed on appeal or writ of error for the want of service, or
because of defective service of process, no new citation shall be issued or
served, but the defendant shall be presumed to have entered his appearance to
the term of the court at which the mandate shall be filed.”  Thus, no new service on Deborah is required.  See Ameriquest Mortg. Co. v. Ashworth, No. 01-08-00544-CV,
2010 WL 1491954, at *4 (Tex. App.—Houston [1st Dist.] Apr. 15, 2010, pet.
denied); see also Cates v. Pon, 663 S.W.2d 99, 102 (Tex. App.—Houston [14th Dist.] 1983,
writ ref’d n.r.e.) (reversing default judgment because of invalid service but
noting that no new service was necessary under Rule of Civil Procedure 123
because appellant had submitted himself to jurisdiction of trial court by
appealing default judgment).