**Opinion issued December 29, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00845-CV

———————————

**DAVID LANCASTER, Appellant**

**V.**

**BARBARA LANCASTER, Appellee**

---

**On Appeal from the 247th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-05066**

---

## MEMORANDUM OPINION

Appellant, David Lancaster, challenges the trial court's order denying his petition for a bill of review to set aside a default protective order, which prohibits him from threatening or committing family violence against appellee, Barbara

Lancaster.[1]  In ten issues, David contends that the trial court erred in denying his petition.

We reverse and remand.

## Background

On August 21, 2009, Barbara submitted to the Harris County District Attorney's office an application requesting a protective order against David, to whom she had been married for twenty-four years and with whom she had two children.  On September 9, 2009, after a hearing, the trial court found that David, although "duly and properly served [on September 4, 2009] with [Barbara's] application and notice of the hearing," had failed to appear.  And it rendered a default

---

[1]    We must review issues affecting our appellate jurisdiction, even if sua sponte. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004); *Ross v. Linebarger, Goggan, Blair & Sampson, L.L.P.*, 333 S.W.3d 736, 741 (Tex. App.—Houston [1st Dist.] 2010, no pet.).  Here, the August 9, 2009 default protective order at issue has expired.  Generally, expired orders are considered moot on appellate review. *James v. Hubbard*, 21 S.W.3d 558, 560 (Tex. App.—San Antonio 2000, no pet.).  Appellate courts lack jurisdiction to decide moot controversies.  *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999).  However, several intermediate courts of appeals have reviewed challenges to expired protective orders under the collateral consequences exception to the mootness doctrine on the ground that the "effects of a protective order carry significant collateral legal repercussions and a social stigma even though the protective order has expired." *State for Prot. of Cockerham v. Cockerham*, 218 S.W.3d 298, 303 (Tex. App.—Texarkana 2007, no pet.) (Texas Family Code requires commission of family violence be considered in determining child custody); *see Amir-Sharif v. Hawkins*, 246 S.W.3d 267, 270 (Tex. App.—Dallas 2007, pet. dism'd w.o.j.); *Ex parte Flores*, 130 S.W.3d 100, 105 (Tex. App.—El Paso 2003, pet. ref'd); *James*, 21 S.W.3d at 560–61.  Accordingly, we address the merits of David's appeal under the collateral consequences exception to the mootness doctrine.

protective order against David, prohibiting him, for a period of two years, from threatening or committing family violence against Barbara. In October 2009, a Harris County deputy constable served David with notice of the default protective order.

On January 13, 2013, David filed his petition for a bill of review, challenging the September 9, 2009 default protective order.[2] In his amended petition, he alleged that his failure to appear at the hearing was not intentional, nor the result of conscious indifference or negligence. Rather, he "had no transportation to court" or "money to obtain transportation." Further, he was "destitute and without any resources to obtain counsel." Thus, he was "unaware of the long-term ramifications of the implementation of the protective order against him." And he "spent the next full year until August 3, 2010 homeless and traveling[,] having very few contacts by email or phone with [Barbara] or their sons."

David further alleged that, during the hearing, the assigned assistant district attorney had failed to disclose to the trial court that a prior complaint, in which Barbara accused David of the misdemeanor offense of assault, had been dismissed

---

[2] On August 12, 2012, the 280th District Court of Harris County granted Barbara a protective order based on David's violations of the September 9, 2009 order. *See* TEX. FAM. CODE ANN. § 85.002 (Vernon 2008). The 2012 order, which expired on August 30, 2014, was affirmed on appeal. *Lancaster v. Lancaster*, No. 01-12-00909-CV, 2013 WL 3243387, at *2 (Tex. App.—Houston [1st Dist.] June 25, 2013) (mem. op.).

and expunged. And Barbara had failed to disclose to the trial court that she had "paid and co-signed" his bond in the assault case and had continued to reside with him afterwards. He argued that he was prevented from asserting these "defenses" at the September 9, 2009 hearing because Barbara had "agreed that they would simply divorce and go their separate ways," "assured him that it was her intent to not appear at the hearing," and "[led] him to believe that she would," on certain conditions, to which he agreed, dismiss her application for the protective order. David further argued that he had "no ability to exercise any post-trial rights including a motion for reconsideration or motion for new trial" because he "did not discover [Barbara's] fraud until more than thirty days after rendition of the judgment."

On July 23, 2014, after a hearing on David's petition, the trial court found that he did not "prove sufficient cause for granting a bill of review"; "present a prima-facie meritorious defense to the underlying action"; "show that he would be entitled to Judgment on retrial if no contrary evidence is offered"; "prove any justification for his failure to present a defense"; "prove any fraud, accident, or wrongful act by Barbara . . . or official mistake"; or "show that the default judgment against him was not rendered as a result of his own fault or negligence." And, although David had "sufficient time after receiving notice of the default judgment to file a motion for new trial," he "did not exercise due diligence to pursue all legal remedies against the default judgment" and "did not exercise such care as that which a prudent and careful

4

person would ordinarily use in cases of equal importance." Moreover, David's "claims that he lacked financial resources to challenge the protective order [were] not sufficient cause for his failure to exercise due diligence." Thus, the trial court denied David's petition for a bill of review and awarded Barbara attorney's fees and costs in the amount of $15,000.

## Standard of Review

A bill of review is a separate, independent suit brought by a party to a former action who is seeking to set aside a final judgment that is no longer subject to a motion for new trial or appealable. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010); *Wolfe v. Grant Prideco, Inc.*, 53 S.W.3d 771, 773 (Tex. App.—Houston [1st Dist.] 2001, pet. denied); *see* TEX. R. CIV. P. 329b(f). Ordinarily, a bill-of-review plaintiff must plead and prove "(1) a meritorious defense to the underlying cause of action, (2) which the plaintiff [was] prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on [its] own part." *Mabon, Ltd. v. Afri–Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012). Under the third element, a party must "show that it diligently pursued all adequate legal remedies." *Id.* at 813; *see also King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (equitable remedy of bill of review available only when proponent exercised due diligence). However, "when a bill-of-review plaintiff claims a due process violation for no

5

service or notice, it is relieved of proving the first two elements set out above." *Mabon*, 369 S.W.3d at 812 (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84, 87, 108 S. Ct. 896, 899 (1988)). And, if a bill-of-review plaintiff establishes that he was not served, the third element, lack of negligence, is "conclusively establish[ed]." *Id.*

We review a trial court's ruling on a petition for bill of review for an abuse of discretion, indulging every presumption in favor of the court's ruling. *Xiaodong Li v. DDX Grp. Inv., LLC*, 404 S.W.3d 58, 62 (Tex. App.—Houston [1st Dist.] 2013, no pet.). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner, or without reference to guiding rules and principles. *Id.*

## Bill of Review

In his eighth issue, David argues that the trial court erred in denying his petition for a bill of review because, at the time of the trial court's issuance of its default protective order against him, the return of service of Barbara's application had not been on file with the clerk's office for the requisite ten days. *See* TEX. R. CIV. P. 107.

A claimed defect in service of process "challenges the trial court's personal jurisdiction over the defendant." *See Livanos v. Livanos*, 333 S.W.3d 868, 874 (Tex. App.—Houston [1st Dist.] 2010, no pet.). When a defendant has not answered, a trial court acquires personal jurisdiction solely on proof of proper service. *Id.*;

6

*Marrot Commc'ns, Inc. v. Town & Country P'ship*, 227 S.W.3d 372, 376 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); *see also* TEX. R. CIV. P. 124 (no judgment shall "be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant").

When reviewing the propriety of a default judgment, we do not indulge any presumptions in favor of proper issuance, service, or return of citation. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985); *Min v. Avila*, 991 S.W.2d 495, 499–500 (Tex. App.—Houston [1st Dist.] 1999, no pet.). If the record does not affirmatively show strict compliance with the rules of civil procedure, the service is invalid and the judgment is void. *See Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007); *Livanos*, 333 S.W.3d at 874; *see also Lytle v. Cunningham*, 261 S.W.3d 837, 840 (Tex. App.—Dallas 2008, no pet.) ("When the attempted service of process is invalid, the trial court acquires no personal jurisdiction over the defendant, and the default judgment is void."); *Marrot Commc'ns, Inc.*, 227 S.W.3d at 376 ("Virtually any deviation from the statutory requisites for service of process will destroy a default judgment."); *Wright Bros. Energy, Inc. v. Krough*, 67 S.W.3d 271, 273 (Tex. App.—Houston [1st Dist.] 2001, no pet.) ("Jurisdiction over a defendant must be established in the record by an affirmative showing of service of citation . . . ."). And if the return of service does not also show strict compliance with the rules, then service is invalid and a default

judgment cannot stand. *See Livanos*, 333 S.W.3d at 875; *McGraw–Hill, Inc. v. Futrell*, 823 S.W.2d 414, 416 (Tex. App.—Houston [1st Dist.] 1992, writ denied). It is well "established . . . that a default judgment cannot withstand direct attack by a defendant who complains that he was not served in strict compliance with applicable requirements." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). And a party may raise defective service for the first time on appeal. *Id.* at 837.

A trial court may render a protective order against a respondent who does not appear at a hearing if the respondent received service of the application and notice of the hearing. TEX. FAM. CODE ANN. § 85.006 (Vernon 2014). With exceptions not applicable here, service of the application must be in the manner as citation under the rules of civil procedure. *Id.* at § 82.043(c) (Vernon 2014). Under rule 107,

> No default judgment shall be granted in any cause until proof of service . . . shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment.

TEX. R. CIV. P. 107. Proof of service, or the return, must "affirmatively reveal[ ] that it has been in the district clerk's office for the required ten days" before a default judgment is rendered and, if not, the default judgment is "void." *Livanos*, 333 S.W.3d at 875 (citation omitted); *see also Uvalde Country Club*, 690 S.W.2d at 885 (when reviewing default judgment no presumptions indulged in favor of proper return of citation); *Union Pac. Corp. v. Legg*, 49 S.W.3d 72, 78 (Tex. App.—Austin

8

2001, no pet.) (failure to demonstrate return on file for requisite ten days before default judgment issued "violates the strict-compliance requirement").

Here, the trial court issued its default protective order on September 9, 2009. At the hearing on Barbara's application for the order, the trial court stated that the return of service was filed the same day, i.e., on September 9, 2009. However, the return of service in the clerk's record shows that the return was filed with the district clerk on September 14, 2009, five days *after* the trial court issued the default protective order. Either way, because the return of service was not on file with the district clerk for ten days prior to the trial court's issuance of its default order against David, service of process did not strictly comply with rule 107 and was invalid. *See* TEX. R. CIV. P. 107; *Livanos*, 333 S.W.3d at 875; *see also Futrell*, 823 S.W.2d at 416 (return of service must strictly comply). And "[p]roof after the default judgment cannot supply a missing element of service and validate a default judgment rendered on defective service." *Futrell*, 823 S.W.2d at 417.

Because the record does not affirmatively show strict compliance with the rules of civil procedure in serving David, the trial court did not acquire personal jurisdiction over him and the default order rendered against him is void. *See Livanos*, 333 S.W.3d at 875 (trial court lacked personal jurisdiction over defendant and default judgment void where return of service filed same day as rendition of judgment); *see also Midstate Envtl. Servs., LP v. Peterson*, 435 S.W.3d 287, 290

9

(Tex. App.—Waco 2014, no pet.) (default judgment precluded, where no indication return "was ever filed with the clerk of the court, let alone that it was on file for ten days"); *Chupp v. Chupp*, No. 01-10-00197-CV, 2011 WL 2623996, at *3 (Tex. App.—Houston [1st Dist.] Jun. 30, 2011, no pet.) (mem. op.) (trial court erred in rendering default decree after invalid service, which failed to strictly comply with rule 107).

Although David later admitted that he was served on September 4, 2009, an "admission regarding acceptance of service" does not "revive a default judgment taken when the court lacked jurisdiction." *See Futrell*, 823 S.W.2d at 417. Actual notice, without proper service, is not sufficient to invoke a trial court's jurisdiction to render a default judgment. *Wilson*, 800 S.W.2d at 836 (defendant's admission of receipt of suit papers not sufficient to confer jurisdiction); *Nichols v. Nichols*, 857 S.W.2d 657, 659 (Tex. App.—Houston [1st Dist.] 1993, no writ) (actual notice of lawsuit not sufficient to confer jurisdiction over improperly served defendant in context of bill of review of default judgment modifying divorce decree).

We conclude that the trial court erred in issuing its default protective order against David because he was not properly served with Barbara's application. Accordingly, we hold that the trial court erred in denying David's petition for a bill of review. *See Mabon*, 369 S.W.3d at 812 ("[W]hen a bill-of-review plaintiff claims a due process violation for no service or notice, it is relieved of proving the first two"

10

bill-of-review elements, and the third element, lack of negligence, is "conclusively establish[ed]").

We sustain David's eighth issue.[3]

**Temporary Protective Order**

In his first and second issues, David argues that the 280th District Court of Harris County erred in issuing a temporary protective order against him on August 25, 2009 because the "evidence presented" in Barbara's application and affidavit in support "was insufficient for the court to make the requisite finding[s]" and the court's "four day delay" in issuing the temporary protective order was "unreasonable" in that it "denied [him] his rights of due process and notice and fail[ed] to comply with the Texas Family Code and the Texas Rules of Civil Procedure." We do not have subject matter jurisdiction to resolve complaints about a temporary protective order that, as here, has been superseded by a final protective order. *See White v. White*, No. 01-10-01124-CV, 2011 WL 5027042, at *1 (Tex. App.—Houston [1st Dist.] Oct. 20, 2011, no pet.) (mem. op.); *Ford v. Harbour*, No.

---

[3] Having sustained David's eighth issue, we need not reach his third, fourth, fifth, and sixth issues, in which he argues that service was also defective because the trial court clerk delayed in issuing service; the Harris County Constable's Office "willfully failed to attempt to serve" him "for more than 4 full days"; failure to timely serve him violated his due process rights; and notice of the hearing on the application was defective. Further, we need not reach David's seventh issue, pertaining to his defenses, in which he asserts that "in the prosecution of" Barbara's application, the assistant district attorney "failed to disclose" certain evidence to the trial court.

14-07-00832-CV, 2009 WL 679672, at *2 (Tex. App.—Houston [14th Dist.] Mar. 17, 2009, no pet.) (mem. op.).

Accordingly, we do not address David's first and second issues.

**Extrinsic Issues**

In his ninth issue, David asserts that *after* the trial court issued its September 9, 2009 default protective order, he was "subjected to additional due process violations," i.e., a subsequent protective order based on his violation of the first order and a judgment against him for attorney's fees. In his tenth issue, David asserts that he previously filed in this Court a petition for a writ of mandamus and he "fully incorporates [his] Petition for Writ of Mandamus with all of its appendi[c]es in this Appe[llate] Brief to have the full effect of the arguments, issues and facts presented therein." Because a petition for a bill of review is an independent proceeding, the scope of our review is limited to David's appeal of the trial court's order denying his petition for a bill of review, in which he challenged the trial court's September 9, 2009 default protective order. *See In re A.A.S.*, 367 S.W.3d 905, 909 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

Accordingly, we do not address David's ninth and tenth issues.

## Conclusion

We reverse the trial court's order denying David's petition for a bill of review and remand the case to the trial court for further proceedings consistent with this opinion.[4]

> Terry Jennings
> Justice

Panel consists of Justices Jennings, Higley, and Brown.

---

[4] We note that no new service of process is necessary. *See* TEX. R. CIV. P. 123 ("Where the judgment is reversed on appeal . . . because of defective service of process, no new citation shall be issued or served, but the defendant shall be presumed to have entered his appearance to the term of the court at which the mandate shall be filed."); *see also Livanos v. Livanos*, 333 S.W.3d 868, 881 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (citing *HB & WM, Inc. v. Smith*, 802 S.W.2d 279, 282 (Tex. App.—San Antonio 1990, no writ) (holding, by appealing from default judgment, appellants personally appeared in case and further citation unnecessary)).