**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00482-CV**

_____


**IN THE INTEREST OF A.J.B., J.L.B., AND A.R.B.**

---

**On Appeal from the County Court at Law No. 3**
**Montgomery County, Texas**
**Trial Cause No. 16-09-10072-CV**

---

**MEMORANDUM OPINION**

Appellant, the alleged father of the minor children A.J.B., J.L.B., and A.R.B.,[1]

appeals from an order terminating his parental rights.[2] The trial court found, by clear

and convincing evidence, that statutory grounds exist for termination of appellant's

---

[1]We will refer to the minor children individually by their initials and collectively as "the children[.]" We will refer to the children's father as "appellant[.]"

[2]Appellant is not the father of J.W.H. and H.M.H., whose parents were also parties to the case in the trial court. The trial court terminated the parental rights of both parents of J.W.H. and H.M.H., but that decision is not at issue in this appeal because neither parent of J.W.H. and H.M.H. appealed.

parental rights, and that termination of appellant's parental rights is in the best interest of the children. *See* Tex. Fam. Code Ann. § 161.001(b)(D)(1)(E), (N), (O), (2) (West Supp. 2017). In his sole appellate issue, appellant argues that the trial court lacked personal jurisdiction over him because the Department of Family and Protective Services ("the Department") did not attempt to personally serve him at his correct address once that address became known to the Department. The Department concedes that no affidavit establishing due diligence exists in the record and asks that this Court reverse and remand for a new trial as to appellant. We reverse the trial court's order terminating appellant's parental rights to A.J.B., J.L.B., and A.R.B., and we remand the cause to the trial court for a new trial as to appellant.[3]

## BACKGROUND

The Department filed an amended petition on September 19, 2016, in which it sought to terminate appellant's parental rights.[4] In that petition, the Department asserted that appellant's location is unknown and stated that the Department "will make a diligent effort to locate him, request a search of the paternity registry[,] and request service of process if Respondent's address becomes known." In the affidavit in support of removal, the affiant stated, "It was reported that [appellant] was

---

[3]The children's mother signed an affidavit of voluntary relinquishment.
[4]The Department's original petition only sought termination of the rights of the parents of J.W.H. and H.M.H.

recently released from incarceration." The affiant also stated, "The family reports that [appellant] was incarcerated for an extended period of time. His offense is not known to the [D]epartment."

A FINDRS Diligent Search Report stated that although hospital-based paternity searches were conducted on all three children, no records were found. Three addresses in California, including 6767 Deep Creek Road, Apple Valley, California, were found for appellant. The record contains certifications from the Acting State Registrar for Texas Vital Statistics that J.L.B., A.J.B., and A.R.B. had not been the subject of a suit affecting the parent-child relationship in which a judgment was entered on or after January 1, 1974. In addition, the record contains Certificates of Paternity Registry Searches which indicate that, according to the Acting State Registrar, no notice of intent to claim paternity had been located concerning appellant and the children's mother.

The record reflects that on October 12, 2016, the Department requested that appellant be served with the first amended petition, affidavit, and a notice of hearing scheduled for November 1, at 6767 Deep Creek Road, Apple Valley, California. A non-resident citation was issued to be served at said address on November 15, 2016, but the process server stated on the citation that despite due search, careful inquiry, and three attempts, he had been unable to serve appellant at the Apple Valley

address. According to the process server, during the first attempt, appellant's girlfriend stated that he was at work; during the second attempt, appellant's stepdaughter stated that he was at work; and during the third attempt, appellant's grandmother advised that appellant was not at home. The process server stated that during each attempt to serve appellant, he left a card with the person to whom he spoke. The record also contains an affidavit of unsuccessful personal service by the process server.

The record reflects that another civil process request form was filed on November 21, 2016, which sought to serve appellant at the same Apple Valley address, this time by certified mail. The record contains the Montgomery County District Clerk's certification that she executed citation as requested by placing in the United States Mail via certified mail, return receipt requested, a true copy of the citation, as well as a true copy of the first amended petition and order setting hearing. The District Clerk's certification states that she mailed the documents to appellant at 6767 Deep Creek Road.

On December 21, 2016, the Department filed a motion for service pursuant to Rule 106(b) of the Texas Rules of Civil Procedure, in which the Department stated that attempts to serve appellant in person and by certified mail had been unsuccessful. *See* Tex. R. Civ. P. 106(b). The Department asked the trial court to

authorize service upon appellant by serving anyone over sixteen years of age at appellant's usual place of abode, which the Department identified as 6767 Deep Creek Road, Apple Valley, CA 92308. The trial court signed an order permitting service of citation pursuant to Rule 106(b). The process server subsequently filed a document indicating that service was unsuccessful at that address because appellant had moved and the property was vacant. At a status hearing on January 31, 2017, the trial court found that although appellant was "duly and properly notified, [he] did not appear and wholly made default." At the same proceeding, the trial court found that appellant had not reviewed or signed the service plan.

On February 13, 2017, the Department filed a motion for substituted service of citation by posting, in which it detailed the prior unsuccessful attempts to serve appellant, stated that the Department believes appellant is avoiding service, and indicated that the Department "has no locating information for [appellant]." The Department asserted that publication of notice in the newspaper of record for Montgomery County "is unlikely to result in actual notice to [appellant]", and citation by posting at the courthouse door in Montgomery County "is as likely as publication in the newspaper of record for this county to give [appellant] actual notice." *See* Tex. Fam. Code Ann. § 102.010(a) (West 2014) (providing that citation may be served by publication to a person entitled to service of citation who cannot

5

be notified by personal service or registered or certified mail). The trial court signed an order permitting substituted service by posting at the courthouse door in Montgomery County. In its order, the trial court found that the Department had exercised due diligence in attempting to locate appellant, but appellant could not be located.

On March 31, 2017, the trial court appointed an attorney ad litem to represent appellant. The record reflects that on April 17, 2017, during an initial permanency hearing, the attorney ad litem for appellant appeared and announced ready. On July 5, 2017, the attorney ad litem filed a report, in which she stated that she had been appointed to represent appellant, who had been served by posting. In her report, counsel stated that she had spoken to and emailed friends and relatives of appellant in an attempt to locate appellant, and she explained that she had also spoken to appellant. Counsel certified that she had provided each party with the address of appellant's employer, 16002 Main Street, Hespria, California 92345, and had also provided appellant's telephone number. The record does not reflect that the Department ever attempted to serve appellant at the address provided by the attorney ad litem. In permanency reports dated July 10, 2017, and September 19, 2017, the Department stated that appellant's address was unknown. When the trial court signed an order after the first permanency hearing, it found that although appellant had been

6

duly and properly notified, he did not appear and wholly made default and noted that appellant had not "demonstrated adequate and appropriate compliance with the service plan."

On November 17, 2017, the trial court conducted a bench trial, at which the attorney ad litem appeared on appellant's behalf. When she appeared at trial, appellant's counsel announced that she was not ready for trial and stated that she had located appellant and provided the Department with appellant's location, but the Department never made any additional attempts to serve appellant. Counsel argued that the Department therefore had not exercised due diligence in attempting to serve appellant. In addition, counsel contended that appellant has always been a California resident, and since there are no long-arm jurisdictional facts or pleadings on file, the trial court lacked personal jurisdiction over appellant. After the trial, the trial court signed an order terminating appellant's parental rights.

## APPELLANT'S ISSUE

In his sole appellate issue, appellant argues that the trial court lacked proper personal jurisdiction over him. For a defendant to be subject to personal jurisdiction, "the plaintiff must invoke that jurisdiction by valid service of process on the defendant." *Furst v. Smith*, 176 S.W.3d 864, 868 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Invalid service is of no effect and cannot establish the trial court's

7

jurisdiction over a party. *In the Interest of E.R.*, 385 S.W.3d 552, 563 (Tex. 2012). Therefore, a "complete failure of service deprives a litigant of due process and a trial court of personal jurisdiction; the resulting judgment is void and may be challenged at any time." *Id.* at 566. The "process" required by the due process clause "is measured by a flexible standard that depends on the practical requirements of the circumstances." *Univ. of Tex. Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 930 (Tex. 1995). At minimum, due process requires "notice and an opportunity to be heard[.]" *Id.* A party's actual knowledge of the lawsuit cannot cure defective service and is not sufficient to confer jurisdiction on the trial court. *McGraw-Hill, Inc. v. Futrell*, 823 S.W.2d 414, 417 (Tex. App.—Houston [1st Dist.] 1992, writ denied) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836-37 (Tex. 1990)).

Although an alleged biological father's interest may, in itself, be insufficient to require notice and an opportunity to be heard, the Department attempted to invoke the jurisdiction of the court over appellant individually. *See In the Interest of P. RJ E.*, 499 S.W.3d 571, 576 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) . As a result of the report filed by appellant's attorney ad litem, the Department knew of appellant's work address and telephone number over four months before trial. We conclude that appellant's due process rights were violated because he was not properly served. *See In the Interest of E.R.*, 385 S.W.3d at 555, 565. We sustain

8

appellant's sole issue, reverse the trial court's judgment terminating appellant's parental rights to A.J.B., J.L.B., and A.R.B., and remand for a new trial for appellant.

REVERSED AND REMANDED FOR NEW TRIAL.

_____
STEVE McKEITHEN
Chief Justice

Submitted on February 26, 2018
Opinion Delivered March 29, 2018

Before McKeithen, C.J., Kreger and Johnson, JJ.